4 U.S. 22 (____)
4 Dall. 22
Course et al.
versus
Stead et Ux. et al.
Supreme Court of United States.

*25 I. Ingersoll, for the defendants in error.
By the COURT:
The objection is not sufficient to quash the writ of error. The teste may be amended by our own record of the duration of the last term; and it is, of course, amendable.
II. Ingersoll objected, that the writ of error was not directed to any Circuit Court; for, its address was "To the Judges of the Circuit Court, holden in and for the district aforesaid:" whereas no district was previously named.
Dallas, in reply, observed, that the district of Georgia, was indorsed on the writ, that the attestation of the record was in Georgia, and that the record returned was from the Circuit Court of the Georgia district.
By the COURT:
The omission is merely clerical. We wish, indeed, that more attention were paid to the transcribing of records; but there is enough, in the present case, to amend by; and, therefore, let the omission be supplied.
III. Ingersoll objected, that the value of the matter in dispute does not appear upon the record, to be sufficient to sustain a writ of error. The land, which is the immediate subject of the supplemental bill, was sold for 128l. 19s. 4d. and that is the only criterion of its value exhibited to the Court.
Dallas. The value of the property in dispute, must be its actual value, for the purposes of jurisdiction. The price at a forced sale, for taxes, many years ago, cannot rationally be taken for the actual value of the land, with its meliorations. The Court will, therefore, permit the plaintiff in error to ascertain the fact by affidavits, on notice to the opposite party. It was so done in Williamson v. Kincaid.
*26 By the COURT:
Let the rule be entered on the same terms, as in the case of Williamson v. Kincaid.
These preliminary objections to the writ being obviated, and the depositions being returned, to prove the value of the land (which was sufficient to sustain the writ of error), Dallas argued for a reversal of the decree of the Circuit Court on two grounds:[(3)] 1st. On the merits; and, 2d. On the want of a description of the parties, so as to give a federal jurisdiction.
1st. On the merits. The hearing on the bill and answer, operates as a tacit admission of the facts stated in the answer; which is not contradicted in any respect; and which establishes Daniel Course's purchase of the land in question, as a fair and valid transaction. Hind. Pr. Ch. 416, 7. 289. 441. The widow Course was not a party to the original bill; and cannot, therefore, be bound by the decree in that case. The defendants to the original bill are not parties to the supplemental bill; for, process is only prayed and issued against the widow. Yet, the decrees in the original suit are referred to as exhibits, though not filed, in the supplemental suit; and in the supplemental suit a decree is pronounced against the defendants in the original suit as well as against the widow, who is the sole defendant. Besides, the question is emphatically a question of assets to pay a debt, for which partnership property was first responsible; and the personal estates of the debtors before their real estates. Yet, no account is given of the partnership fund; and neither the minor heirs, nor other legal representatives of Daniel Course, are made parties to the suit, though their interest is expressly stated in the answer. Hind. Pr. Ch. 2. 8. 10. 420. 283, 4. Mitf. 89. 145.
2d. On the want of description. The only descriptive addition to the name of Elizabeth Course, throughout the record, is that she is the "widow of Daniel Course, deceased;" not stating that either he, or she, was a citizen of the state of Georgia. 3 Dall. 382. Bingham v. Cabot. 4 Dall. Mossman v. Higginson. Turner v. The Bank of North America. Turner v. Enrille. It would be extravagant to infer citizenship from mere residence, nor can it be successfully urged, that because the parties to the original bill (which, by the by, is not attached to the writ of error) were well described, this Court has jurisdiction on the supplemental bill, against a new party, not described, not pledged by any joint contract, and not connected in privity, or interest, with the defendants to the original bill. Mitf. 31.
Ingersoll, for the defendant in error, answered: 1st. On the merits. The decree of the Circuit Court was not pronounced simply *27 on the supplemental bill and answer; but on the decrees in the original suit, which liquidated and fixed the quantum of the debt; the conveyance to Daniel Course; and the tax laws of the state of Georgia. The conveyance was charged to be a fraudulent, pretended, deed, which was a matter of fact; 3 Dall. 321. and it was ascertained (not merely by the inadequate consideration, but) by reference to the tax laws, which did not authorise the sale at the time, when it took place, nor, at any time, if there were personal assets; and, consequently, the Court was bound to regard it as a nullity.[(4)] The objection, on the score of parties, cannot prevail, against the decree, that virtually finds the conveyance to be fraudulent; and, therefore, that no one claiming under it could derive a title, or interest, in the land. Besides, the widow Course is the tenant in possession of the premises, and the natural object of the supplemental bill; she must be presumed to have given notice to all proper persons; and, after all, if the objection has weight, it is sufficient to answer, that no one will be bound by the decree, to whom, on principles of law and equity, it does not extend.
2d. On the want of description. It is not necessary to describe the parties in the supplemental suit, which is merely an incident of the original bill, and must be brought in the same Court. The citizenship, however, of the plaintiff in error, does sufficiently appear, by reasonable presumption and necessary implication. It has never been decided, that the very term citizens and aliens, must be used in the description; but, if the description fairly imports, that one party to the suit is an alien, and the other party a citizen; or that the parties are citizens of different states; the Court will assert its jurisdiction. Then, the purchase and possession of real estate announce the character of citizen; since aliens cannot purchase and hold real estate in Georgia; and the long residence of Daniel Course, the purchaser, and his family, in the state, is a circumstance strongly corroborative. If the widow is sufficiently described, to show that she was a citizen of Georgia; there can be no doubt that the complainants are sufficiently described as aliens.
By the COURT:
Having examined the record in the case of Bingham v. Cabot, we are satisfied, that the decision there, must govern upon the present occasion. It is, therefore, unnecessary to form, or to deliver any opinion upon the merits of the cause. Let the decree of the Circuit Court be reversed.
NOTES
[(3)] The case was argued, on these grounds, at Washington, after the removal of the seat of government; but, with this intimation, it is though most convenient to continue the report under the term, in which it commenced.
[(4)] When Ingersoll was about to read the statutes of Georgia, Dallas observed that they were not recited on the record; and that it might be a question, whether their existence ought not to have been established, as a fact, in the Court below. But the COURT said there could be no ground to refuse the reading of a law of any of the states. It appeared, however, that, on the point of time, Ingersoll referred to the statute for the tax of a different year, from that in which the sale was made.