### WILLIAM YEATON AND OTHERS, APPELLANTS v. DAVID LENOX AND OTHERS.

Motion to dismiss an appeal. A decree was pronounced by the district court of the United States for the district of Alexandria, in December 1829, from which the defendants appealed, but did not bring up the record. At January term 1832, the appellees, in pursuance of the rule of court, brought up the record and filed it; and on motion of their counsel, the appeal was dismissed. On the 9th of March 1832, a citation was signed by the chief justice of the court for the district of Columbia, citing the plaintiffs in the original action to appear before the supreme court, *then in session*, and show cause why the decree of the circuit court should not be corrected. A copy of the record was returned with the citation, "executed" and filed with the clerk. By the court. The record is brought up irregularly, and the cause must be dismissed.

The act of March 1803, which gives the appeal from decrees in chancery, subjects it to the rules and regulations which govern writs of error. Under this act it has been always held that an appeal may be prayed in court when the decree is pronounced. But if the appeal be prayed after the court has risen, the party must proceed in the same manner as had been previously directed in writs of error.

The judicial act directs that a writ of error must be allowed by a judge, and that a citation shall be returned with the record; the adverse party to have at least twenty days notice. This notice, the court understands, is twenty days before the return day of the writ.

APPEAL from the circuit court of the United States for the county of Alexandria, in the district of Columbia.

Mr Coxe, for the appellees, moved to dismiss this appeal; an appeal in the same having been dismissed at January term 1832, and this appeal not having been taken and filed according to the provisions of the judicial act and the rules of this court.

Mr Neale, contra, who cited the following cases: Reily v. Lamar et al. 2 Cranch, 344, 1 Cond. Rep. 419; Wood v. Lide, 4 Cranch, 180, 2 Cond. Rep. 76; San Pedro v. Valverde, 2 Wheat. 132; Johnson v. Johnson's Administrators, 2 Mun. 304.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

In this case a decree was pronounced by the court of the United States for the county of Alexandria in December 1829, from which the defendants in that cout appealed, but did not bring up the record. At January term 1832, the appellees, in pursuance of a rule of this court, brought in the record, filed it, and moved that the suit should be dismissed. The court ordered a dismission. On the 9th day of March 1832, a citation was signed by the chief justice of the court for the district of Columbia, citing the plaintiffs in the original action to appear before the supreme court, then in session, and show cause why the decree of the circuit court should not be corrected.

A copy of the record was returned with this citation "executed," and filed with the clerk. The appellees move to dismiss the suit because the record has been irregularly brought up.

The act of March 1803, which gives the appeal from decrees in chancery, subjects it to the rules and regulations which govern writs of error. Under this act it has been always held that a decree may be prayed in court when the decree is pronounced; but if the appeal be prayed after the court has risen, the party must proceed in the same manner as had been previously directed in writs of error.

The judicial act directs that a writ of error must be allowed by a judge, and that a citation shall be returned with the record; the adverse party having at least twenty days notice. This notice, we understand, is twenty days before the return day of the writ of error.

In this case the appeal is not allowed by the judge, and the citation is to appear before the court then sitting. The record is brought up irregularly, and the cause must be dismissed.


On consideration of the rule granted in this cause, and of the arguments of counsel, as well for the appellants as for the appellees, thereupon had, after mature deliberation, it is the opinion of this court that the record is brought up irregularly, and that this appeal should be dismissed: whereupon, it is ordered and decreed by this court, that the appeal be, and the same is hereby dismissed with costs.