## NATIONAL BANK *v.* BANK OF COMMERCE.

Where a judgment was rendered October 5, and the present term commenced October 15, and the writ of error and citation were returnable on the "second Monday in October next," the court, March 17, grants, on motion of the plaintiff in error, an order allowing the writ to be amended by inserting the third Monday of the term as the return-day thereof, but requires him to cause a new citation returnable on the first Monday of the following May to be issued and served.

MOTION to amend a writ of error to the Circuit Court of the United States for the Eastern District of Missouri.

*Mr. Philip Phillips* in support of the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The judgment below was rendered Oct. 5, 1878, and the present term of this court commenced October 15. A writ of error returnable on the "second Monday in October next" was sued out and served the day the judgment was rendered. A citation returnable on the same day with the writ was duly signed and served before the first day of the term.

Rule 8 of this court provides that in cases when the judgment is rendered less than thirty days before the first day of the next term of this court, the writ of error and citation may be made returnable on the third Monday of the term, and be served before that day. By sect. 1005 of the Revised Statutes this court is authorized at any time, in its discretion and upon such terms as it may deem just, to allow an amendment of a writ of error when it is made returnable on a day other than the day of the commencement of the term next ensuing the issue of the writ, provided the defect has not prejudiced, and the amendment will not injure, the defendant in error. Sect. 999, Rev. Stat., provides that the adverse party shall have at least thirty days' notice of a writ of error by citation.

The plaintiff in error now moves to amend the writ so as to make the return-day the first day, or the third Monday of the present term; for the issue of a new citation to conform

to the amended writ, and for leave to file the transcript and docket the cause.

We think the motion should be granted. Sect. 1005 clearly authorizes us, in our discretion, to allow the amendment of the writ, and we cannot see that the defect has prejudiced, or that the amendment will injure, the defendant in error. The fact that thirty days could not elapse between the date of the writ and the return-day presents no objection. Sect. 999 of the Revised Statutes is but the re-enactment of a similar provision in sect. 22 of the Judiciary Act of 1789 (1 Stat. 84), and until the promulgation of the present rule at the December Term, 1867 (6 Wall. vi.), all writs of error were made returnable on the first day of the term next after their date, no matter how short the time between the day of the issue and that of the return. The citation followed the writ, and service was required before the return-day. By a rule entered as early as the February Term, 1803, if the writ issued within thirty days before the meeting of the court, the defendant in error was at liberty to enter his appearance and proceed to trial, or otherwise the cause was continued. 1 Cranch, xviii. At the same term, in *Lloyd* v. *Alexander* (id. 365), the reason for the adoption of the rule is stated, and in *Welch* v. *Mandeville* (5 id. 321), the court decided that when the citation was not served thirty days before the term, the defendant in error would not be required to go to a hearing without his consent. The meaning of the statute is not that the citation shall be served thirty days before the return-day, but that the defendant in error shall have at least thirty days' notice before he can be compelled to go to a hearing. We do not understand that the case of *Yeaton* v. *Lenox* (7 Pet. 220) holds otherwise. Certainly there was nothing in the facts to require any such decision.

As the return-day of the writ is changed, a new citation should issue to notify the defendant in error of what has been done. This is clearly within the rule as stated in *Dayton* v. *Lash*, 94 U. S. 112.

The transcript may be filed and the cause docketed upon a compliance by the plaintiff in error with the rules in that particular.

An order will be entered allowing the plaintiff in error to amend the writ by inserting the third Monday of the present term as the return-day, in lieu of the " second Monday in October," and requiring him to cause a new citation, returnable on the first Monday in May next, to be issued and served on the defendant in error.

*So ordered.*