BOARD OF CO. COM'RS OF VALENCIA CO. and others *v.* ATLANTIC & P. R. CO.

Filed January 28, 1886.

WRIT OF ERROR—AMENDMENT—TESTE—RETURN-DAY.

A writ of error providing and designating all the essentials of such a writ, under section 517 of the Compiled Laws and the rules issuing out of the supreme court, containing the elements stated in said section, and with return-day as provided for in rule 21, upon a *præcipe* filed therefor with the clerk who issues it in discharge of a ministerial duty, may be amended *nunc pro tunc*, as of the date of the writ, by striking out of the teste the word "associate" and writing in lieu thereof the word "chief," descriptive of the judge, and by adding the return-day in cases where it has been omitted when the writ issued.

*Fiske & Warren*, for plaintiffs in error.

*W. C. Hazledine*, for defendant in error.

LONG, C. J.    On the fifteenth day of February, A. D. 1884, a bill of complaint was filed in the district court for the Second judicial district of the county of Bernalillo by the Atlantic & Pacific Railroad Company, defendant here in error, against the board of county commissioners of Valencia county and others, plaintiffs in error, to enjoin the collection of certain taxes.    Such proceedings were had thereon that on the thirty-first day of October, 1884, the defendants named in said bill were by the court "enjoined and restrained from collecting, or proceeding to collect the taxes in the bill set forth." The plaintiffs seek to have the action thus taken reviewed and reversed.    The case is here on what purports to be a writ of error, which is in terms as follows:

"*The Territory of New Mexico to the District Court of the Second Judicial District of the Territory of New Mexico, within and for the County of Bernalillo, Greeting:* Because in the record and proceedings, and in the rendition of judgment in a certain suit lately pending before you, wherein the Atlantic & Pacific Railroad Company was complainant and the board of county commissioners of Valencia county, Patricinio Luna, sheriff and collector of Valencia county, N. M., and Charles C. McComas, district attorney of the Second judicial district of New Mexico, were defendants, error has intervened, as it is said, to the damage of the said defendants, and we being willing that such error, if any there be, should be corrected, and speedy justice done in that behalf, therefore you are hereby commanded to send to the supreme court of the territory of New Mexico, attached to this writ, a copy of the record, and of all proceedings in said cause.

"Witness the Hon. WM. H. BRINKER, associate justice of the supreme court of the territory of New Mexico, and the seal of said court, this twenty-third day of November, 1885.        C. M. PHILLIPS, Clerk." [Seal.]

The defendant in error does not appear generally, but enters a special appearance only, and thereon moves to quash the writ of error, dismiss the cause, and assigns the following reasons:

"*First*, because the paper purporting to be a writ of error is made returnable to the supreme court of the territory of New Mexico in general terms,

without naming any day or term at which the same is returnable; *second,* because no summons or citation has ever been served upon the defendant in error, or upon any of its officers or agents, or upon its attorneys of record, or upon any person upon whom due process of law could be had in its behalf."

The plaintiff in error interposes a motion for leave to amend the writ of error *nunc pro tunc,* as of the date of said writ, by striking out of the teste of said writ the name of "Hon. WM. H. BRINKER, associate," and inserting therein the word "chief" in lieu thereof, and by inserting in said writ after the words "to the supreme court of the territory of New Mexico" the words, "at least ten days before the first day of the next term thereof, to be held on the first Monday in January, 1886, at Santa Fe, in said territory, in pursuance of law." The affidavits submitted in support of the motion prove that citation was never served on the defendant in error in this cause. It is contended on behalf of the plaintiff here that leave should be given to amend. To determine that question the court must examine the writ and determine its legal character. If void, it cannot be amended. The following statutory provisions and rules of practice should be considered as bearing upon the matter thus before the court:

Section 1869 of the organic act provides:

"Writs of error shall be allowed in all cases  *  *  *  under such regulations as may be prescribed by law."

Section 2194, Comp. Laws:

"The clerk of the supreme court shall issue a writ of error to bring into the supreme court any cause finally adjudged or determined in any of the district courts, upon a *præcipe* therefor filed in his office by any of the parties to such cause, his solicitor or attorney, at any time within one year from the date of such judgment."

Section 517, Comp. Laws:

"All process which shall be issued from said supreme court shall bear teste in the name of the chief justice, be signed by the clerk, dated when issued, and sealed with the seal of the court. All such process shall be made returnable according to law, or such rules and orders as the court may prescribe."

Subdivision 4, rule 21, p. 10, rules:

"All writs of error allowed thirty days before the first day of the next regular term of the supreme court shall be returnable on the first day of such term; when allowed less than thirty days before the first day of the next ensuing regular term of the supreme court they shall be returnable on the first day of the next regular term of the supreme court after such first term."

Subdivision 6, rule 21, p. 10:

"The clerk of the court to which any writ of error shall be directed may make return to the same by transmitting a true copy of the record, and of all proceedings in the cause, under his hand and the seal of the court."

Section 522, Comp. Laws:

"The said supreme and district courts in the exercise of chancery jurisdiction, arising in all cases and matters in equity, shall conform in their decisions, decrees, and procedure to the laws and usages peculiar to such jurisdiction in this territory, and the supreme, circuit, and district courts of the United States."

Section 1869 of the organic act, it will be seen, provides for writs of error, "under such regulations as may be prescribed by law," but does not undertake to define such regulations; while section 2194 of the Compiled Laws makes it the duty of the clerk to issue the writ upon a *præcipe* filed therefor. In the absence of a statutory definition of the term "writ of error," as used in these sections, the words would be given such meaning as the law has fixed and attached to them. It will not, however, be necessary to invoke that rule of construction, because section 517 clearly defines by direct terms what is meant by such words. It is true the expression "writ of error" is not used in that section, but words of broader signification—"all process"—are taken, which must include writs of error. This section says: "Such process shall be made returnable according to law, or such rules and orders as the court may prescribe," leaving the return-day of the writ to be fixed by other provisions. This court, by rule 21, subd. 4, has provided when the writ shall be returned.

Thus, under section 517 and the rules, all the essentials of a writ of error are provided and clearly designated. It issues out of this court, containing the elements stated in said section, and with return-day as provided for in the foregoing rule, upon a *præcipe* filed therefor with the clerk; and in issuing it that officer acts in the discharge of ministerial duty. May the writ so provided be amended? The defendant in error maintains that it cannot, and cites several cases in support of his contention; and urges earnestly that the writ is void and cannot be given vitality by amendment; and quotes the following from *Hodge* v. *Williams*, 22 How. 87, in support of that position:

"An amendment presupposes jurisdiction of the case, and this court have no appellate power over the judgment of the court below, unless the judgment is brought here by act of congress,—that is by writ of error; and that writ, from its nature and character, must be sued out by the party who alleges error in the judgment of the inferior court."

A brief reference to the facts of that case is necessary to properly understand the point really decided. It was a case brought by writ of error from the district court of the United States for the Eastern district of Texas. Judgment below was rendered against John A. Williams. He was dissatisfied and desired to review it. He applied for a writ of error. It was issued, but by a clerical mistake Hodge and others, who did not want a review, were in the writ named as plaintiffs in error, while Williams was named therein as defendant. As the case appeared on the face of the writ, it was brought by a party satisfied with the judgment, and who did not want a review thereof. It was in view of such facts that the above language was used.

The court further observes:

"This court have no appellate power over the judgment of the court below, unless the judgment is brought here by act of congress,—that is, by writ of error; and that writ, from its nature and character, must be sued out by the party who alleges error in the judgment of the inferior court. Here

there is no appearance for the parties who are named as plaintiffs in the writ; and if we order amendment, we should make them defendants in a suit in which they are not bound to appear in that character."

The turning point evidently was that it did not appear that Williams had sued out a writ, and to amend would be to make a new one. He was in the appellate court as a defendant, and being thus there asked the court to make him plaintiff; and so it is therein said: "The writ of error must be sued out by the party who alleges error." "If it [the writ] were amended here by making the plaintiffs in error defendants, and the defendant in error the plaintiff, it would be a new writ made here, and not the one issued by the officer appointed by law. Upon this principle the court has uniformly refused to amend writs of error,"—not that the court had refused in all cases to amend, but in cases where the amendment made an entire change of parties, and where it appeared on the writ that the party asking the amendment had not sued out the writ of error. The case here is very different from that cited. Here the party who alleges error did file his *præcipe,* sue out the writ, and is plaintiff in error. The supreme court, in *Hodge* v. *Williams* did not intend to declare the broad doctrine "that the courts have uniformly refused to amend writs of error," because it was then matter of judicial history that many amendments of such writs in that tribunal and in others had been allowed. It was in cases where the amendments made a new writ that the court refused to permit them. The term, "upon this principle," in that case clearly indicates the rule intended to be maintained. It will be seen by cases hereafter cited that prior to 1859, the date of that decision, the court had allowed amendments, and of the very character now asked for in this cause.

*Course* v. *Stead,* 4 Dall. 22, was upon a writ of error to the circuit court of the United States for the district of Georgia. In the supreme court it was objected "that the writ of error was not tested as of the last day of the last term of the supreme court, nor indeed of that term at all, for the court had arisen before the day of its teste." Held by the court: "The objection is not sufficient to quash the writ of error. The teste may be amended by our own record of the duration of the term; and it is of course amendable."

In *Mossman* v. *Higinson,* 4 Dall. 12, a writ of error issued to the same court as in the above cause. The court says: "The return-day of the writ being left blank, it was moved that leave be given to fill the blank;" and leave was given to amend the writ in that particular. In the case it appears, when the writ reached the clerk of the circuit court, he indorsed on the back thereof: "Returnable to the Feb'y Term, 1789." From this it is evident no return-day whatever was named in the body of the writ, and in that particular it was like the one here.

These cases, and others which could be cited, make it apparent that expressions were used in *Hodge* v. *Williams* misleading as to the

established practice in the supreme court on the matter of amend-
ments, unless the facts of that case are carefully observed. In *Course*
v. *Stead, supra,* the court evidently regarded the teste as matter of
form. The same opinion has been expressed by many courts. In
*Ripley* v. *Warren,* 2 Pick. 594, it is said : "Nothing can be more pre-
cise matter of form than the teste of a writ. In practice we all know
it is considered wholly insignificant." To the same effect are *Hawks*
v. *Kenebec,* 7 Mass. 463 ; *Ferris* v. *Douglass,* 20 Wend. 626.

Upon the foregoing authorities we might with propriety permit the
amendments asked, but will mention other considerations which
seem to us decisive of the question. Section 522 of the Compiled
Laws of New Mexico, before cited, may, as applicable to this case, to
make the intent more apparent, be thus stated :

"The supreme court, in reviewing any action of the district court, while
exercising its jurisdiction in matters of equity, shall conform its decisions,
decrees, and procedure to the laws and usages of the supreme court of the
United States."

It is the evident intent of that section, in all cases in equity, where
the statutes of this territory and the rules of this court are silent, to
refer for the rule of "decision and procedure" to the laws and usages
of the supreme court of the United States, so far as they can be ap-
plied. We will examine the "procedure and decisions" in that tri-
bunal to ascertain the rule which should control here. Section 1005
of the Revised Statutes of the United States is as follows :

"The supreme court may, at any time, in its discretion, and upon such
terms as it may deem just, allow an amendment of a writ of error, when there
is a mistake in the teste of the writ, or a seal to the writ is wanting, or when
the writ is made returnable on a day other than the day of the commencement
of the term next ensuing the issue of the writ, or when the statement of the
title of the action or parties thereto in the writ is defective, if the defect can
be remedied by reference to the accompanying record, and in all other par-
ticulars of form : provided, the defect has not prejudiced, and the amendment
will not injure, the defendant in error."

In this act congress had in view that, for want of a statute allow-
ing liberal amendments, substance was often sacrificed to maintain
mere form, and it was to obviate technicalities, and subserve thereby
the ends of justice, that the court was given this additional power.
The cases demonstrate that the supreme court has given the act a
liberal interpretation.

In *Bondurant* v. *Watson,* 103 U. S. 278, that court, upon motion to
quash a writ of error, observes :

"Had it [the writ] even colorably issued from this court, it might have
been amended under section 1005 of the Revised Statutes, which is certainly
very liberal."

*National Bank* v. *Bank of Commerce,* 99 U. S. 608. Herein "judg-
ment below was rendered October 5, 1878. A writ of error return-
able on the second Monday of October next" was issued. The plain-
tiff in error moved to amend the writ so as to make "the return-day

the first day or the third Monday of the present term, for the issue of a new citation to conform to the amended writ, and for leave to file the transcript and docket the cause." The court holds:

"We think the motion should be granted. Section 1005 clearly authorizes us, in our discretion, to allow the amendment of the writ, and we cannot see that the defect has prejudiced, or the amendment will injure, the defendant in error."

*Atherton* v. *Fowler*, 91 U. S. 144, is quite in point. On the fourteenth day of July, 1875, the plaintiffs in that case sued out a writ of error directed to the supreme court of California. It is therein said:

"The writ bears teste on the day of its issue, but contains no return-day." "The writ of error may be amended under the authority of section 1005 of the Revised Statutes by inserting the proper return-day."

In the cause before this court, a *præcipe* was filed by the plaintiff, who complains of error below. On this the writ issued, directed to the right tribunal, correctly describing the record and proceedings to be certified. It carried the date of its issue, the seal of the court. In the light of the foregoing authorities, can it reasonably be held to have no more force than a piece of blank paper,—to be nothing and void?

To our minds the contrary is apparent. The court to which it was directed treated it as valid, as returnable to this term, obeyed its command, and certified here the record, which is filed, sought to be reversed. The authorities cited establish that the teste is mere matter of form; that both before the enactment of section 1005 and after that time the supreme court of the United States permitted the teste of such writs to be amended, and allowed the return-day to be added in cases where it had been omitted when the writ issued. In the language of the court in *National Bank* v. *Bank of Commerce, supra:* "We cannot see that the defect has prejudiced, or the amendment will injure, the defendant in error." We therefore hold the writ of error may be amended, as asked in the plaintiff's motion, and the motion of defendant in error is overruled; that citation may issue returnable the first day of next term, and that no further action in the mean time be taken.

We concur: HENDERSON, J.; BRINKER, J.