WALTON *v.* MARIETTA CHAIR COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 234. Submitted March 4, 1895. — Decided March 25, 1895.

A writ of error, which names, as the plaintiff in error, a certain person as administrator of a certain estate, may be amended by substituting the name of another person who appears by the accompanying record to have claimed to succeed him as such administrator, tendered the bill of exceptions, and given bond to prosecute the writ of error.

A writ of error should state the Christian name of the plaintiff in error, and not the initial letter thereof only.

THIS was a motion to amend a writ of error from this court to the Circuit Court of the United States for the Southern District of Ohio, by changing the name of the plaintiff in error. The record of that court showed the following matters:

The original action was brought in November, 1889, by " W. N. Walton, administrator of the estate of Latimer Bailey, deceased," a citizen of New Jersey, against the Marietta Chair

Company, a corporation of Ohio, and having its principal office and place of business in that district, to recover damages in the sum of $10,000, for trespassing upon land of Bailey, and cutting and carrying away timber therefrom in his lifetime.

After the filing of an answer by the defendant, and of a replication by Walton, as Bailey's administrator, " came L. W. Ellenwood," and suggested that Walton's letters of administration had been revoked, and " the said L. W. Ellenwood has been duly appointed and qualified as administrator of the estate of said Latimer Bailey, deceased ; " and the court, " on motion of the said L. W. Ellenwood," ordered " that the said action do stand revived in the name of said L. W. Ellenwood as such administrator, and proceed in his favor."

The defendant filed an answer, protesting against " the revivor of this action in the name of L. W. Ellenwood, as administrator of the estate of Latimer Bailey, deceased ; " and setting up that " said L. W. Ellenwood is not the successor in office of said W. N. Walton, as the administrator of the estate of said Latimer Bailey, deceased," and that Walton never was such administrator, and any appointment of him as such was void for want of jurisdiction in the court which appointed him.

Upon the defendant's application, and after the introduction of evidence, and a hearing, the court adjudged that the order reviving the action in Ellenwood's name be vacated and set aside, and that the action be abated, and stricken from the docket. To this judgment " the said L. W. Ellenwood duly excepted," and " the plaintiff, L. W. Ellenwood, as administrator of the estate of Latimer Bailey, deceased," tendered a bill of exceptions, which was allowed by the court on May 27, 1891.

On June 19, 1891, a bond was filed in the clerk's office, executed by " L. W. Ellenwood, as principal," and by two other persons as sureties, reciting that " the above named L. W. Ellenwood, as adm'r of the estate of Latimer Bailey, dec'd," had taken out a writ of error from this court " to reverse the judgment rendered in the above entitled action ; " and conditioned that " the above named L. W. Ellenwood, adm'r as

aforesaid, shall prosecute his said writ of error to effect, and answer all costs if he shall fail to make good his plea."

On June 20, 1891, there was filed, in the clerk's office of that court, an assignment of errors and prayer for citation, purporting to be made by "L. W. Ellenwood, by his attorneys," three persons named, and signed by them as " attorneys for plaintiff in error."

In all these proceedings, the action was entitled "W. N. Walton, administrator of the estate of Latimer Bailey, deceased," as plaintiff, against the Marietta Chair Company, as defendant.

The writ of error from this court to the Circuit Court was dated June 20, 1891, was signed by the clerk and under the seal of that court, as permitted by Rev. Stat. § 1004, and began thus: " Because in the records and proceedings and also in the rendition of the judgment of a plea which is in the said circuit court, before you, between W. N. Walton, adm'r of the estate of Latimer Bailey, d'c'd, and the Marietta Chair Company, a manifest error hath happened, to the great damage of the said W. N. Walton, adm'r as aforesaid, as by his complaint appears."

In this court, at this term, " L. W. Ellenwood, by his counsel," moved to amend the writ of error, by striking out, in two places therein, the words " W. N. Walton " and substituting the words " L. W. Ellenwood ; " and the defendant in error filed an affidavit of a person who testified that he was well acquainted with " L. W. Ellenwood" who had filed the motion to amend this writ of error, and that his Christian name was not L., but Lowell, and his legal name was Lowell W. Ellenwood.

*Mr. Edward B. Whitney* for the motion.

*Mr. A. D. Follett, Mr. R. A. Harrison,* and *Mr. Joseph Olds* opposing.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

By a provision of the first judiciary act of the United States, "no summons, writ, declaration, return, process, judgment, or

other proceedings, in civil causes in any court of the United
States, shall be abated, arrested, quashed or reversed, for any
defect or want of form;" but the court shall proceed and
give judgment according as the right of the cause and matter
in law shall appear to it, without regarding any such defect
or want of form, except those which, in cases of demurrer,
the party demurring specially sets down, together with his
demurrer, as the cause thereof; and the court shall amend
every such defect and want of form, other than those which
the party demurring so expresses; and "may at any time
permit either of the parties to amend any defect in the process
or pleadings, upon such conditions" as it shall, in its discretion
and by its rules, prescribe. Act of September 24, 1789, c. 20,
§ 32; 1 Stat. 91; Rev. Stat. § 954.

At first, it was treated by this court, as of course, that a
writ of error, which contained no return day, might be
amended by inserting the day; and that the want of a date
to the teste of a writ of error, as well as the omission to state
the district in which the Circuit Court was held, might be
made good by amendment, when there was enough in the
record to amend by. *Mossman* v. *Higginson*, 4 Dall. 12;
*Course* v. *Stead*, 4 Dall. 22.

Afterwards, adopting a stricter rule, it was held that a writ
of error did not give this court jurisdiction, and could not be
amended, if the return day was wrongly stated; *Insurance
Co. of Virginia* v. *Mordecai*, 21 How. 195; *Porter* v. *Foley*,
21 How. 393; or if the real parties were transposed, although,
as the court said: " It is evident that the writ was intended
to be sued out by the plaintiff in the court below, and that
the names of the defendants, as plaintiffs in the writ, were used
without their authority; for the errors are assigned by the
plaintiff, and the bond states that a writ of error has been
sued out by him, and the citation issued by the judge is
directed to the defendants, and served on their counsel. And
it is obvious that the writ in the name of the defendants was
an oversight by the clerk by whom it was issued." *Hodge* v.
*Williams*, 22 How. 87, 88.

It was also held that a writ of error or an appeal could not

be amended, if it described either party only as "the heirs" of a person named; *Wilson's heirs* v. *Life and Fire Ins. Co.,* 12 Pet. 140; or by the name of one person "and others;" *Deneale* v. *Archer,* 8 Pet. 526; *Davenport* v. *Fletcher,* 16 How. 142; *Miller* v. *McKenzie,* 10 Wall. 582; or by the name of a person " & Co." *Mussina* v. *Cavazos,* 6 Wall. 355, 361; *The Protector,* 11 Wall. 82. But in the last of those cases, decided at October term, 1870, two justices dissented, upon the ground that the amendment might and should be permitted under section 32 of the Judiciary Act of 1789. 11 Wall. 88.

In 1869, a majority of the court, upon the authority of the cases in 21 Howard, above mentioned, and without referring to the early case of *Course* v. *Stead,* 4 Dall. 22, above cited, held that a defect in the teste of a writ of error could not be supplied by amendment. *Moulder* v. *Forrest,* 154 U. S. appx. 567.

Congress thereupon interposed, and by the act of June 1, 1872, c. 255, § 3, reënacted in the Revised Statutes, enacted that this court "may at any time, in its discretion, and upon such terms as it may deem just, allow an amendment of a writ of error, when there is a mistake in the teste of the writ, or a seal to the writ is wanting, or when the writ is made returnable on a day other than the day of the commencement of the term next ensuing the issue of the writ, or when the statement of the title of the action or parties thereto in the writ is defective, if the defect can be remedied by reference to the accompanying record, and in all other particulars of form: Provided, the defect has not prejudiced, and the amendment will not injure, the defendant in error." 17 Stat. 197; Rev. Stat. § 1005.

Under this act, the court has allowed a writ of error to be amended, which bore a wrong teste and seal; *Texas & Pacific Railway* v. *Kirk,* 111 U. S. 486; or contained a wrong return day; *Hampton* v. *Rouse,* 15 Wall. 684; *Semmes* v. *United States,* 91 U. S. 21; *National Bank* v. *Bank of Commerce,* 99 U. S. 608; or no return day at all; *Atherton* v. *Fowler,* 91 U. S. 143; *Evans* v. *Brown,* 109 U. S. 180; or described

either party by the name of a partnership, and not by the names of the individuals composing it; *Moore* v. *Simonds*, 100 U. S. 145; *Gumbel* v. *Pitkin*, 113 U. S. 545; *Estis* v. *Trabue*, 128 U. S. 225; *United States* v. *Schoverling*, 146 U. S. 76; or gave the Christian name of the plaintiff below and defendant in error as Henry, when, as appeared from the record, it should have been George; *Pacific Bank* v. *Mixter*, 114 U. S. 463; or named only one defendant in error, when there were more. *Knickerbocker Ins. Co.* v. *Pendleton*, 115 U. S. 339. But the amendment rests in the discretion of the court, and will not be allowed if there is danger of prejudice to the adverse party, or if there is any other good reason against it, as, for instance, that the main question presented by the record has been often decided by this court. *Pearson* v. *Yewdall*, 95 U. S. 294.

In the present case, the writ of error, describing, with gratuitous abbreviation, " W. N. Walton, adm'r of the estate of Latimer Bailey, d'c'd," as the plaintiff in error, was manifestly intended to be sued out by and in behalf of the administrator of Latimer Bailey's estate. The record sent up with the writ of error shows that the whole controversy was whether Ellenwood was legally such administrator, in place of Walton, by whom the original action had been brought; and that the exceptions to the decision below were taken and tendered, and the bond to prosecute the writ of error was given, by Ellenwood. The case is clearly one in which "the statement of the title of the action or parties thereto in the writ is defective," and in which " the defect can be remedied by reference to the accompanying record," and the amendment asked for cannot prejudice the adverse party; and the merits of the case have not been discussed by counsel. The amendment should therefore be allowed.

The description of Ellenwood, like that of Walton, both in the record and in the proposed amendment, gives him no Christian name, beyond initial letters. It is true, as argued by his counsel, that he might have had no Christian name. *Breedlove* v. *Nicolet*, 7 Pet. 413, 431. But the affidavit filed in opposition to the motion to amend shows that he had one,

and that his real name was Lowell W. Ellenwood. The description of him by initials is therefore but an illustration of a loose and careless practice which this court does not countenance. *Monroe Cattle Co.* v. *Becker*, 147 U. S. 47, 58.

The result is, that the writ of error is to be amended by inserting the name of Loweil W. Ellenwood in the place of the name of W. N. Walton, wherever that name appears in the writ of error.

*Amendment allowed.*