GROSS *v.* UNITED STATES (No. 451). HERSKOVITZ *v.* UNITED STATES (No. 452).[1]

APPEAL AFTER MANDATE ISSUED.

In these cases a mandate having been issued on petition directing the court below to transmit the records to this court for adjudication, and it being contended the cases are not properly here on appeal, the petitions will be treated as applications for the allowance of appeals and the appellants will be permitted to withdraw the original petitions with certificates of the allowance of their appeals by this court, to be used in having the cases duly certified from the court below for determination here.

United States Court of Customs Appeals, February 14, 1911.

(Order entered.)

*Joseph G. Kammerlohr* for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

PER CURIAM: On the hearing of these cases it was contended by the Government that the cases were not properly before this court for determination. The proceedings taken consisted of filing petitions in this court for the review of the decision of the United States circuit court affirming the decision of the Board of General Appraisers. A mandate was issued to that court by the clerk requiring the court to transmit the case to this court. It is contended that an allowance of the appeal should be had.

The law governing appeals to this court is contained in subsection 29 of section 28 of the act of August 5, 1909, the pertinent part of which reads as follows:

All customs cases heretofore decided by a circuit or district court * * * which have not been removed from said courts by appeal or writ of error, and all such cases heretofore submitted for decision in said courts and remaining undecided may be reviewed on appeal at the instance of either party, by the United States Court of Customs Appeals, provided such appeal be taken within one year from the date of the entry of the order, judgment, or decree sought to be reviewed.

The statute is silent as to the method of appeal. It is contended by the Government that this being so, appeals are governed by section 1012 of the Revised Statutes, which reads:

Appeals from the circuit courts and district courts acting as circuit courts, and from district courts in prize causes shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error.

This would seem to find support in the case of Yeaton *v.* Lenox (32 U. S., 220). In that case the court had under consideration the act of March, 1803, which gives the appeal from decrees in chancery and

---

[1] Reported in T. D. 31323 (20 Treas. Dec., 332).

which subjects it to the rules and regulations which govern writs of error.    It was said that—

if the appeal be prayed, after the court has risen, the party must proceed in the same manner as had been previously directed in writs of error.    The judiciary act directs that a writ of error must be allowed by a judge, and that a citation shall be returned with the record, the adverse party having at least 20 days' notice.    This notice, we understand, is 20 days before the return day of the writ of error.    In this case, the appeal is not allowed by the judge, and the citation is to appear before the court then sitting.

The petition filed in this court may be treated as an application for the allowance of an appeal, and an order will be entered allowing an appeal, and the appellant will be permitted to withdraw the original petition with a certificate of allowance of appeal by this court for use in certifying the case from the circuit court to this court.    On the return of this proceeding the case now under advisement will be taken up for consideration.