## WILHITE v. SKELTON et al.

(Circuit Court of Appeals, Eighth Circuit. November 19, 1906.)

No. 2.248.

1. ABATEMENT AND REVIVAL—REVIVAL OF ACTION—PRACTICE GOVERNED BY LAW OF TERRITORY OR STATE OF THE COURT WHERE SUIT IS PENDING.

The power and practice of a court of a territory or state in the revival of a suit upon the death of a party is governed by the statutes of the territory or state under which the court in which the action is pending at the time of the death exercises its jurisdiction.

[Ed. Note.—Conformity of practice in common-law actions to that of state court, see O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. SAME—IN INDIAN TERRITORY WHERE ONE OF SEVERAL PLAINTIFFS OR DE-FENDANTS DIES PENDING SUIT NO REVIVOR OR SUBSTITUTION IS NECESSARY.

Under the statutes in the Indian Territory where one of several plaintiffs or defendants dies, and the right of action survives to or against the remaining parties, the court may suggest the death upon its record and proceed to judgment without substituting the heirs or personal representatives for the deceased. Ann. St. Ind. T. 1899, § 3439.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 322; 418.]

3. SAME—PERSONAL REPRESENTATIVE MAY BE SUBSTITUTED IF PART OF RIGHT OF ACTION SURVIVES AGAINST HIM.

Where any part of a right of action survives against a personal representative of a deceased party to a pending suit, he may be substituted for the deceased, and the suit may proceed against him under section 3448, Ann. St. Ind. T. 1899.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, § 403.]

4. APPEAL AND ERROR—DEATH OF PARTY—FAILURE TO MAKE SUBSTITUTION IMMATERIAL IN CERTAIN CASES.

Where one of two defendants dies after submission of a case to an appellate court, which subsequently affirms a decree in favor of the deceased below, its failure to make such substitution is not a substantial error or defect, and it may be disregarded and corrected in a higher court on an appeal from the judgment of affirmance.

5. SAME—FACTS—CONCLUSION.

In a suit by a single complainant against two defendants for specific performance of a contract to convey an interest in land and to recover a share of the profits thereof, a decree of dismissal had been rendered in one of the trial courts of the Indian Territory and the suit was pending in and had been submitted to the Court of Appeals of that territory when one of the defendants died. Neither the appellant nor the court was aware of the death when the court affirmed the decree and it did not sit again until after the time for an appeal to this court had expired. *Held*: (1) The failure of the appellate court of the Indian Territory to state the death of the deceased upon its record and to substitute his personal representative or heirs for him did not affect the substantial rights of the parties, and it may be lawfully disregarded and corrected in this court. (2) As a part of the right of action survived against the administrator of the deceased's estate, the representative might have been substituted for the deceased by that court and he may be by this court. (3) As the suit survived against the surviving defendant the court could have proceeded to an affirmance without substituting either the personal representative or the heirs of the deceased.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Appeal and Error, §§ 1846, 1850, 1862.]

6. FRAUDS, STATUTE OF—PLEADING OF CONTRACT IS OF WRITTEN CONTRACT WHERE WRITING NECESSARY.

Where a writing is indispensable to a valid contract, the plea of an agreement which does not affirmatively disclose the fact that the contract was made by parol is a plea of a written contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 353, 354.]

7. APPEAL—ADMISSION CONTRADICTING PLEADING UNAVAILING IN APPELLATE COURT UNLESS IN RECORD.

An alleged admission of counsel in the trial court which contradicts their pleading is unavailing in an appellate court unless spread upon the record of the trial court and embodied in the transcript or evidenced by written stipulation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2288.]

8. SPECIFIC PERFORMANCE—CONTRACT TO CONVEY LAND—ACTION AT LAW FOR BREACH NOT ADEQUATE REMEDY.

An action at law for the breach of a contract to convey real property is not an adequate remedy, and the existence of the right to it does not forbid the maintenance of a suit for specific performance of the agreement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 6.]

9. EQUITY—JURISDICTION OF PERSON GIVES POWER TO AFFECT PROPERTY BEYOND TERRITORIAL JURISDICTION.

The jurisdiction of the person of a party gives a court of equity plenary power in cases of contract, fraud, or trust to compel him to act in relation to property in his control beyond its territorial jurisdiction.

(Syllabus by the Court.)

Appeal from the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 932.

W. A. Chase, W. H. Kornegay, and G. B. Denison, for appellant.
S. S. Kirkpatrick and Byron Kirkpatrick, for appellees.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. Ola Wilhite brought a suit in equity in the year 1903 against L. A. Skelton and Richard Moore, in one of the trial courts of the Indian Territory, to recover one-fifth of the profits which the defendants had derived from a certain lease, which was to expire in April, 1906, of 1,100 acres of land, for the purpose of mining oil and gas, and to recover one-fifth of the leasehold estate. The trial court sustained the defendants' general demurrer to the complainant's amended bill, dismissed the suit, and rendered a judgment in favor of the defendants for costs. The complainant on February 18, 1904, appealed to the Court of Appeals of the Indian Territory. On June 17, 1904, the case was argued and submitted to that court with leave to the defendants to file their brief within 30 days. Between June 17, 1904, and October 19, 1904, when the decree of the lower court was affirmed, Moore died, and R. L. Beattie was appointed administrator of his estate; but neither the court nor the complainant was aware of the death or the appointment until after the judgment of affirmance had been rendered, and the court did not sit again until after the time for an appeal to this court had expired, so that there was no

opportunity for the complainant to revive the suit or to substitute the administrator or the heirs for the deceased in that court. On April 8, 1905, he appealed to this court, and on May 22d in that year he suggested to this court the death of Moore, and filed a petition for a revivor of the suit against R. L. Beattie, the administrator of Moore's estate. On May 14, 1906, in analogy to the proceedings prescribed by rule 19 of this court for cases in which the adverse party is dead and has no proper representative within the jurisdiction of the court which rendered the judgment when the defeated party desires to challenge it by appeal or writ of error, an order was made that, unless the administrator should make himself a party to this suit or should show cause why such action should not be taken by the first Monday in October, A. D. 1906, the appellant should be entitled to open the record and upon consideration of the briefs on file have the decree reversed if erroneous. On the same day a citation was issued by this court to the administrator, whereby he was admonished to show cause on or before the first Monday of October, A. D. 1906, why this suit should not be revived as to Moore and why the decree should not be corrected. The order to show cause and the citation were properly served upon him, and he objects to a revivor of the suit against him on the ground that the action is for the recovery of real property only, and that the heirs of Moore are the only parties in interest in this action and his only proper representatives herein under section 3449 of the Annotated Statutes of the Indian Territory, 1899, which provides that:

"Upon the death of a defendant, in an action for the recovery of real property only, or which concerns only his rights or claims to such property, the action may be revived against his heirs or devisees, or both, and an order therefor may be forthwith made in the manner directed in the preceding sections."

There are, however, several reasons why this objection is not fatal to the appeal or to a decision of the merits of the case in hand.

In the first place, the case was pending in the territorial court, and not in a court of the United States created under article 3 of the Constitution when Moore died, and the effect of the death upon the suit is to be determined by the statutes of that territory, and not by the acts of Congress. A section of one of these statutes reads:

"When there are several plaintiffs or defendants in an action, and one of them dies, or his powers as a personal representative cease, if the right of action survives to, or against the remaining parties, the action may proceed, the death of the party or the cessation of his powers being stated on the record." Ann. St. Ind. T. 1899, § 3439.

The right of action to recover the one-fifth of the profits and the one-fifth of the leasehold survived against the remaining defendant, Skelton, after the death of Moore, and this statute gives plenary authority to the courts to proceed to a determination of the appeal between the survivors without the presence of the administrator or the heirs of the deceased. Furthermore, at the death of Moore he and Skelton held a joint judgment for costs against the appellant. Their cause of action for these costs was challenged by the appeal. The right of action to recover them survived to Skelton, and these facts brought the suit with-

in the terms of this section and warranted the decision of the issues between the remaining parties after the death of Moore.

Moreover, a judgment had been rendered against the complainant and in favor of the defendants, an appeal had been taken, an assignment of errors had been made, and the case had been argued and submitted to the Court of Appeals of the Indian Territory before Moore died. The death of one of the parties to a suit after an assignment of errors has been made upon a writ of error or an appeal does not abate the action when the cause of action survives. U. S. Mut. Acc. Ass'n v. Weller, 30 Fla. 215, 11 South. 786, 787; Marck v. Supreme Lodge Knights of Honor (C. C.) 29 Fed. 896; Long v. Thompson (Or.) 55 Pac. 979; Philhower v. Voorhees, 12 N. J. Law, 69.

Again, the administrator might have been, and may now be, lawfully substituted for Moore, and the suit might have proceeded, and may now proceed, against him as the representative of Moore without the presence of, or notice to, the heirs under section 3448 of the Annotated Statutes of the Indian Territory of 1899, which provides that:

"Upon the death of a defendant in an action wherein the right, or any part thereof, survives against his personal representative, the revivor shall be against him; and it may also be against the heirs or devisees of the defendant, or both."

A part of the right of action in this case, that part which sought a recovery from the defendants of one-fifth of the profits which they derived from the lease, survived against his personal representative, the administrator, even if the heirs were the proper defendants to the claim of a right to one-fifth of the lease. In view of that fact, the administrator might have been, and may now be, lawfully substituted for the deceased under this section of the statute, and the suit may be revived against him without notice to the heirs. In truth, there is no merit or reason in the objection to a determination of this appeal on the ground that the heirs of Moore had not been substituted for him, because the leasehold estate has now expired by its terms, and the only relief which the complainant can ever obtain is a share of the profits derived from it by the defendants or damages for failure to convey the complainant's share of the lease to him, and both these claims survive against the personal representative, his administrator.

The result is that the Court of Appeals of the Indian Territory under the statutes there in force might have stated the death of Moore upon its record, and without substituting for Moore either his personal representative or his heirs might have then decided the case and affirmed the judgment. As the failure of that court to note the death of Moore upon the record and to substitute for him the administrator of his estate resulted in no prejudice to the latter, since the judgment in favor of Moore was affirmed, and as the statutes of the Indian Territory and the acts of Congress alike require the courts to disregard any error or defect which does not affect the substantial rights of the parties, to amend such defects, and to proceed to give judgment according to the right of the cause or matter (Rev. St. § 954 [U. S. Comp. St. 1901, p. 696]; Ann. St. Ind. T. 1899, § 3285), the death of Moore will be stated upon the record of this court, his personal representative, R. L. Beattie, the ad-

ministrator of his estate, will be substituted for him, and the suit will proceed against him, instead of against the deceased. The administrator suggests no reason which has not been considered why the record should not be opened and the legality of the decree be determined upon the briefs which have long been submitted, and we turn to that issue.

The material facts pleaded in the amended bill were that in April, 1903, the complainant and Skelton agreed that they would purchase a lease for three years of 1,100 acres of land in the territory of Oklahoma for $15,000, and would operate the same together; that the complainant would pay $3,000 and should own one-fifth of the leasehold; that Skelton would pay $12,000 and should own four-fifths of it; that the payments and transfers should be made through the Bartlesville National Bank; that the complainant deposited $3,000 in that bank payable to the order of Skelton, and directed the bank to pay it to him for the complainant's share of the leasehold; that Skelton bought the leasehold for $15,000 pursuant to their agreement, but refused to take the complainant's $3,000 or to convey one-fifth of the leasehold to him; that Moore claimed to have purchased some interest in the leasehold of Skelton; and that the defendants had derived profits from it. The complainant offered to pay the $3,000 and prayed for a conveyance to him by the defendants of one-fifth of the leasehold estate and for a recovery of one-fifth of the profits which they had derived therefrom.

It is said that the agreement pleaded was void under the statute of frauds because it was not in writing. But the record does not present this question. The amended bill fails to show that the agreement was not written, and, where a writing is indispensable to a valid contract, a plea of an agreement which does not affirmatively disclose the fact that the contract was made by parol is a plea of a written agreement. Barnsdall v. Waltemeyer (C. C.) 142 Fed. 415, 419. Counsel for the appellee Skelton insist that at the argument of the demurrer in the trial court complainant's counsel admitted in open court that the agreement they pleaded was oral, and that the trial court decided the case in reliance upon that admission. But the transcript before us discloses no record, no certificate or opinion of the court that any such admission was made, and there is no stipulation or admission of that fact by counsel for the complainant in any form in this court. It is true that the opinion of the Court of Appeals of the Indian Territory indicates that it was of the opinion that such an admission had been made in the trial court. But cases cannot be heard and decided in an appellate court upon the statement of counsel for one of the parties of admissions of their opponents at the hearing which are not disclosed by, and are contrary to, the transcript of the record presented to the appellate tribunal. If they would avail themselves of such admissions in a court of review, they must by written stipulation of opposing counsel or by proper proceedings in the court of original jurisdiction spread them upon its record and present them to the appellate court in the transcript. As this has not been done in the case in hand and the amended bill pleads a written agreement, the question whether or not an oral contract of the character there set forth would be obnoxious to the statute of frauds is not presented to this court,

and it has neither been considered nor decided. The record portrays an agreement in writing under a familiar rule of pleading, and that agreement was valid and enforceable.

Counsel next argue that the amended bill was insufficient to sustain a decree for specific performance of the agreement to convey one-fifth of the leasehold to the complainant: (1) Because the latter had an adequate remedy at law by an action for damages for the breach. But such an action does not afford as adequate a remedy for the breach of a contract to sell or convey real estate as a suit in equity for specific performance, because it will not place the parties in the same situation in which they were before the agreement was made, and it is not as prompt, complete, and efficient. Castle Creek Water Co. v. City of Aspen (C. C.) 146 Fed. 8, 11; Boyce's Ex'r v. Grundy, 3 Pet. 210, 215, 7 L. Ed. 655; Williams v. Neely, 134 Fed. 1, 10, 67 C. C. A. 171, 180, 69 L. R. A. 232. (2) Because the contract is too vague and uncertain. But it is a plain agreement for a conveyance to the complainant of one-fifth of a leasehold estate which is clearly defined and identified and to operate this lease with the complainant. It would be difficult to prepare or to conceive of a more certain or definite contract. (3) Because the court was without power to operate the mine on the leasehold property which was in the territory of Oklahoma and beyond its jurisdiction, and because, if it had held the power, such operation would have been impracticable. But the court had jurisdiction of the persons of the defendants, and thereby had plenary power to compel them to act in relation to the leasehold without its jurisdiction which they owned and to which their contract related. "In a case of fraud or trust or of contract the jurisdiction of the court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree." Massie v. Watts, 6 Cranch, 159, 3 L. Ed. 181; Carpenter v. Strange, 141 U. S. 105, 11 Sup. Ct. 960, 35 L. Ed. 640. Nor were the acts to be performed in the operation of this lease for the short period of three years so numerous, so complicated, or so important that a court could not wisely and efficiently direct them. Joy v. City of St. Louis, 138 U. S. 1, 11 Sup. Ct. 243, 34 L. Ed. 843; Union Pacific Ry. Co. v. Chicago, R. I. & P. Ry. Co., 2 C. C. A. 174, 51 Fed. 309. And, if they had been, a decree for the conveyance of one-fifth of the leasehold and for the payment of one-fifth of the profits was not impracticable and the bill made a complete cause of action for this relief. (4) Because Moore was an innocent purchaser. But the record fails to establish that fact. Ignorance of the contract with the complainant, the purchase of an interest in the leasehold, and the complete payment of a valuable consideration therefor were indispensable facts to make him an innocent purchaser. The record is that he claimed to have purchased an interest in the lease of Skelton, and there it stops. Conceding that there may be a presumption from this claim that Moore was ignorant of complainant's contract when he purchased, there can be none in the absence of any statement upon the subject that he completed the payment of a valuable consideration for the interest he bought before he received notice of the agreement. And finally (5) because a specific performance of the agreement would have been in-

equitable. But this suit was brought within six months ·after· the breach of the contract. No striking change in the value of the property within that time was disclosed. The complainant offered to pay. his share of the purchase price and of the expense of operating the lease, and there is no sound reason why it would have been either un-. just or inequitable for Skelton and for Moore, who claimed under him,. to have performed the agreement which Skelton made.

The conclusion is that the amended bill states facts sufficient to constitute a good cause of action. The judgments of the trial court and of the Court of Appeals of the Indian Territory must accordingly be reversed, and the case must be remanded to the trial court, with directions to overrule the demurrers, to permit the complainant, if so advised, to bring in the heirs of Moore and make them parties defendant to the suit, to permit the defendants to answer the amended complaint, and to take further proceedings not inconsistent with the views expressed in this opinion, and it is so ordered.