## WILLIAMS et al. v. COW GULCH OIL CO.

(Circuit Court of Appeals, Eighth Circuit. January 12, 1921.)

No. 5508.

1. **Specific performance** ⬅65—**Action for damages not adequate, and does not bar remedy.**

   An action for damages for the breach of a contract to convey land does not afford as adequate a remedy as a suit for specific performance, and is no answer to such a suit, as it does not place the parties in the same situation as before the agreement was made, and is not as prompt, complete, and efficient as a suit in equity.

2. **Specific performance** ⬅65—**May not be denied when consideration has been paid, except for insuperable principle of law.**

   In equity, the vendee of land under a contract of the vendor to convey to him is treated as the owner, and the vendor is deemed to stand seized of the land in trust for the vendee, and when the entire purchase price has been paid the equity of the vendee is of the highest character, and specific performance may not be denied, unless forbidden by some insuperable rule of law or equity.

3. **Specific performance** ⬅29(2)—**Contract to convey part of tract to be selected by agent held sufficiently certain.**

   A contract by one owning 6,320 acres of oil and gas lands to convey 640 acres of the probable average value per acre of the remaining acreage, to be selected by a designated agent of the vendor, or, if he cannot act, by some other competent geologist, is sufficiently certain to support specific performance, under the rules that what one agrees to do by another he agrees to do himself, and that that is certain which can be made certain.

4. **Specific performance** ⬅29(2)—**Contract requiring selection of land by third person enforceable.**

   A contract for the sale of land of the probable value of the vendor's remaining land, to be selected by a third party, may be enforced in equity by the selection of the land itself, or by appraisals or arbitrators, or a master which it may appoint.

5. **Specific performance** ⬅105(1)—**Attempted performance by defendant before time for performance held to authorize suit.**

   Where a vendor agreed to convey 640 acres of the probable average value of its remaining land, when it had cleared its title, the land to be selected by a designated agent, but before it had cleared its title the agent selected land in bad faith of a much less probable value than that of the remaining acreage, which the purchaser refused to accept, a suit for specific performance was not prematurely brought, as the attempted performance compelled plaintiff to proceed, or incur the danger of an estoppel.

6. **Vendor and purchaser** ⬅160—**Contract to convey land of average value of remaining land not performed by conveyance of land of substantially less value.**

   An agreement to convey 640 acres of land of the probable average value of the vendor's remaining acreage, to be selected by a designated agent, is not performed by the selection and conveyance of land of substantially less probable value than the average value of the remaining acreage, whether selected by the designated agent or by some other person.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit by Frederick A. Williams and others, as executors of Louis D. McCall, deceased, against the Cow Gulch Oil Company. From an

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

order dismissing the suit, plaintiffs appeal. Reversed and remanded, with directions.

William A. Riner and Frederick A. Williams, both of Cheyenne, Wyo., for appellants.

John D. Clark, of Cheyenne, Wyo., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. This is an appeal from an order of dismissal of the suit of Louis D. McCall to enforce the specific performance of a contract of the Cow Gulch Oil Company, a corporation, to assign to him an oil and gas lease or leases of 640 acres of land in the Buck Creek oil field in the state of Wyoming. The dismissal was made on the motion of the Oil Company, on the ground that the allegations of the complaint were insufficient to enable the plaintiff to maintain his suit in equity, because the land, the oil and gas leases upon which the Oil Company agreed to convey, was not described with sufficient certainty in the contract to justify a court of equity in enforcing specific performance thereof.

The contract is set out in the complaint. The parties to it were Louis D. McCall and the Oil Company. It was in writing, and was made, signed by the Oil Company, by its president, J. W. McKim, and delivered to the plaintiff on May 13, 1917. It recited that the Oil Company had received from McCall an oil and gas lease of four oil placer mining claims, each consisting of 160 acres, in Natrona county, state of Wyoming; that it then held titles and possessory rights by gas and oil leases from locators in and to various tracts of land in the Buck Creek oil field in Natrona county, Wyo., and was conducting negotiations for the necessary clearance of its titles covering these premises; that in consideration of the oil and gas lease to the four placer claims, consisting of 640 acres, which it had received from McCall, it would immediately upon completion of its negotiations and the clearance of its titles to the oil and gas leases it had acquired to lands in the Buck Creek field, assign to him all its right, title, and interest and leasehold estate in its oil and gas leases and claims upon 640 acres of the land it should then hold, of an average probable value per acre of the remaining lands it should then hold, which 640 acres should be selected by J. W. McKim as its agent, or in case of his inability to make such selection by some other competent geologist. In addition to setting forth this contract, the plaintiff alleged in his complaint that the Oil Company was and still is the owner of certain oil and gas placer mining locations or oil and gas leases of lands in the Buck Creek oil fields, which are clearly described and identified in the complaint, and which amount in the aggregate to about 6,320 acres; that he demanded that the defendant make assignments to him of oil and gas leases of 640 acres of these lands, of the probable average value per acre of that portion of these lands that should be retained by the Oil Company; and that it has refused so to do.

There are no other allegations in the complaint pertinent to the answer to the objection that the contract fails to describe the leases of

the lands to be assigned with sufficient certainty to justify a court of equity in enforcing its specific performance. "The jurisdiction of courts of equity to decree the specific performance of agreements," says the Supreme Court, "is of a very ancient date, and rests on the ground of the inadequacy and incompleteness of the remedy at law. Its exercise prevents the intolerable travesty of justice involved in permitting parties to refuse performance of their contracts at pleasure by electing to pay damages for the breach." Union Pacific R. R. v. Chicago, R. I. & P. Ry., 163 U. S. 564, 600, 16 Sup. Ct. 1173, 1187 (41 L. Ed. 265).

[1] An action at law for damages for the breach of a contract to convey land does not afford as adequate a remedy as a suit in equity for specific performance, and it is no answer to such a suit because, in the case of a contract for real estate, the action at law does not place the parties in the same situation in which they were before the agreement was made, and it is not as prompt, complete, and efficient as is the suit in equity. Castle Creek Water Co. v. City of Aspen, 146 Fed. 8, 11, 76 C. C. A. 516, 519, 8 Ann. Cas. 660; Boyce v. Grundy, 3 Pet. 210, 215, 7 L. Ed. 655; Williams v. Neely, 134 Fed. 1, 10, 67 C. C. A. 171, 181, 69 L. R. A. 232; Wilhite v. Skelton, 149 Fed. 67, 72, 78 C. C. A. 635, 640.

[2, 3] In equity, the vendee of land, or of a right or interest therein under a contract of the vendor to convey it to him, is treated as the owner thereof, and the vendor is deemed to stand seized of it in trust for the vendee, and when, as in the case at bar, the entire purchase price has been paid and is in the hands of the vendor, who refuses to perform his part of the agreement, the equity of the vendee is of the highest character, and specific performance of the contract may not be denied, unless it is forbidden by some insuperable principle or rule of law or equity. Gunton v. Carroll, 101 U. S. 426, 430, 431, 25 L. Ed. 985. Why, then, may not a court of equity compel the performance of this contract? Counsel answer, because it does not point out and specifiy by section, town, and range the particular 640 acres in the Oil Company's 6,320 acres, the oil and gas leases upon which the Oil Company agreed to convey. But the Oil Company's contract is more than a mere agreement to convey oil and gas leases on 640 acres of land that cannot be identified. It is an agreement that the oil company will convey oil or gas leases of 640 acres of its 6,320 acres, of the probable average value per acre of the 5,680 acres thereof which will remain after such conveyance, and that the 640 acres to be conveyed shall be selected by "J. W. McKim as agent for said undersigned" (the Oil Company), or in case he cannot act "by some other competent geologist."

What one does or agrees to do by another, he does or agrees to do himself, and the incontestable legal effect of this contract was and is that the Oil Company would select by its chosen agent out of its oil and gas leases of 6,320 acres and convey to the plaintiff oil and gas leases on 640 acres thereof, of a probable average value per acre of its remaining acreage. That is certain which can be made certain, and if the 6,320 acres out of which the 640 acres are to be selected are

readily ascertainable from their description in the contract as the lands in the Buck Creek oil field on which the Oil Company had oil and gas leases at the time the performance of the agreement became due, if the character and value of the 640 acres was specified in the contract as 640 acres of the probable average value of the remainder of the 6,320 acres, and if the Oil Company agreed to make the selection of this land by its agent, and to convey it, there is no doubt or uncertainty about the oil and gas leases upon the lands which the Oil Company agreed to convey which cannot be made certain, and there is no tenable objection here to the enforcement of the contract by a court of equity.

[4] A contract by a vendor to convey a certain number of acres of land out of a larger tract described, of the average value of the remainder of the latter tract, contains a sufficient description of the land to be conveyed to sustain a suit by the vendor, who has paid the full consideration, and empowers him to make the selection. McCarty v. May (Tex. Civ. App.) 74 S. W. 804, 805; Oxsheer v. Watt, 91 Tex. 124, 41 S. W. 467, 468, 66 Am. St. Rep. 863; Nye v. Moody, 70 Tex. 434, 8 S. W. 606, 607; Call v. Gray, 37 N. H. 428, 75 Am. Dec. 141; Winnipiseogee Paper Co. v. Eaton et al., 65 N. H. 13, 18 Atl. 171, 172. Again a contract by a vendor to convey a certain number of acres of land out of a larger tract described, of the average value of the latter tract, and to be selected by the vendor, contains a sufficient description of the land to be conveyed to sustain a suit for its performance by a vendee who has paid the consideration thereof. Fleishman v. Woods, 135 Cal. 258, 259, 67 Pac. 276. And when the contract conditions its performance by a selection, appraisal, or arbitration by a third party or third parties, a court of equity has ample power to effect the performance by its decree, and by the selection of the land itself, or by appraisals or arbitrators, or a master which it may appoint. Gunton v. Carroll, 101 U. S. 426, 430, 25 L. Ed. 985; Castle Creek Water Co. v. City of Aspen, 146 Fed. 8, 11, 12, 76 C. C. A. 516, 519, 520, 8 Ann. Cas. 660; Lowe v. Brown, 22 Ohio St. 463, 467. So it is that upon an application to the contract here under consideration of the rule that that is certain which may be made certain in the light of the allegations of the complaint, the objection that the land, the oil and the gas leases upon which the oil company agreed to convey, is not described in the written contract with sufficient certainty to warrant a decree of its specific performance, is untenable, and the decree of dismissal cannot be sustained upon this ground.

[5] Three other objections in support of the dismissal are urged to the complaint: That the date at which the value of the acreage in question is to be determined is not fixed by the contract; that the defendant has fully performed the agreement; and that this suit was brought before the time for the defendant's performance arrived. The facts conditioning these objections which are alleged in the complaint are: That the oil company agreed to convey the 640 acres to be selected by McKim or some other competent geologist, immediately upon its completion of its negotiations for the clearance of its titles to the 6,320 acres; that it did not act with due diligence to clear those titles; that at some time prior to February 12, 1918, A. W. McKim,

as the Oil Company's agent, selected out of its oil and gas leases on lands in the Buck Creek field its oil and gas leases on a certain 640 acres; that the defendant assigned these leases to the plaintiff on February 12, 1918, and recorded the assignment; that the defendant had not then, and had not when the complaint herein was filed, cleared the title covering the premises; that the 640 acres so selected was of a much less probable value than the average value of the defendant's remaining acreage; that McKim's selection was not made in good faith, was a gross abuse of his discretion, and a gross violation of the trust reposed in him, and that the assignment of the 640 acres has never been delivered to the plaintiff; that he has never accepted it; that he disclaims any interest thereunder, and that he duly notified the defendant that the selection was unauthorized and that he would not assent to it.

There can be no doubt that under these facts the time for the determination of the average value of the lands in question, and for the selection and conveyance by the defendant, was either when the defendant completed its negotiations for the clearance of its titles, or when by the exercise of reasonable diligence it might have completed them, were it not for the facts that as early as February 12, 1918, the defendant made the assignment of the leases on the 640 acres and acted upon the theory that the time for its performance had arrived, and the plaintiff on February 18, 1919, filed his complaint and prayed for specific performance of the contract. In this state of the facts there is no merit in the objection that the suit was prematurely brought. By its attempted performance of the contract by the assignment of the leases of the 640 acres and the record thereof, it compelled the plaintiff to proceed or to incur the danger of an estoppel from proceeding later by reason of acquiescence or laches after the assignment was made, and the defendant is thereby estopped from now insisting that the plaintiff brought his suit too early.

[6] Nor do the facts alleged in the complaint evidence a performance of the contract by the defendant. It agreed to convey to the plaintiff oil and gas leases on 640 acres out of its gas leases on 6,320 acres, of the probable average value of its remaining acreage in the Buck Creek coal field, and it agreed to select this land of average value by its agent, McKim, or, if he was unable to act, by some other competent geologist. But the conveyance of leases on 640 acres, of the probable average value per acre of the remaining acreage, was the major and indispensable condition of the promised performance. If this condition be fulfilled, the selection may have been made or may be made by McKim, or by a master or other appointee of a court of equity, and in that case the contract may be specifically performed. But it cannot be specifically performed by the selection and conveyance of oil and gas leases on 640 acres of one-third, or of one-half, or of substantially less than the whole, of the probable value per acre of the average value of the remaining acres, whether the selection be by McKim or by any other party or person. The plaintiff alleges that the acreage of the 640 acres, the oil and gas leases upon which the defendants assigned to the plaintiff, was of much less probable value than the average value of the

defendant's remaining acreage in the Buck Creek oil field. A conveyance of such oil and gas leases was not a performance of the contract, and it is also alleged in the complaint that McKim, who acted under the contract as defendant's agent in the selection, grossly abused his discretion and violated his trust in making it.

No insuperable obstacle, either at law or in equity, to the enforcement of the specific performance of this contract, is perceived, and the decree below must be reversed, and the case must be remanded to the court below, with directions to permit the defendant to answer, and to take further proceedings in accordance with the views expressed in this opinion; and it is so ordered.