## Darius C. Jackson and Others v. The People, for the use, &c.

By statute, the party for whose use a sheriff's bond is sued, is to be deemed the plaintiff in the action. Where one of two persons jointly entitled to prosecute died, and action was brought in the name of the People, for the use of the survivor, and of the administrator of, the one deceased, and judgment taken against defendants, by default, — *Held*, That, on the death of one of the parties, the cause of action survived to the other, who alone could enforce it by suit; and that, as the declaration showed no joint right of action in the plaintiffs, the judgment must be reversed on error.

*Submitted December 3d.* *Decided December 9th.*

Error to Lenawee Circuit.

The case, so far as passed upon by the court, is fully stated in the opinion.

*A. L. Millerd*, for plaintiffs in error.

*P. Morey*, for defendants in error:

If the suit should have been brought in the name of Arthur Hughes, survivor, &c., it is too late now for the plaintiffs in error to take advantage of it. They should have demurred to the declaration, or pleaded the misjoinder in abatement. They can not lie still, without entering their appearance or taking any steps in the cause, until after final judgment is rendered against them, and then bring error to reverse what they should have objected to at the first opportunity.

But the alleged error is not against the right and justice of the matter of the suit, nor does it change the issue or the trial.—*R. S.* 472, §6 (*Comp. L.* 4420). Therefore the case is within the statute, and the court, instead of reversing the judgment, will amend it.

CAMPBELL J.:

Suit was brought in the court below upon a sheriff's bond, in the name of the People for the use of Arthur

Hughes, and Daniel G. Quackenboss as administrator of John T. Brown, against Darius C. Jackson as sheriff, and Addison J. Comstock and Ezekiel Webb as sureties, and Addison J. Comstock as executor of Darius Comstock, a de-ceased surety, and Mary E. Hicks, administratrix of Daniel Hicks Jr. also a deceased surety. Quackenboss having died, his death was suggested, and Daniel Williams substi-tuted as a new administrator of John T. Brown as a plain-tiff. Judgment was rendered against all the defendants except Mrs. Hicks as administratrix. The record does not show her death, or any discontinuance against her.

The cause of action, as set forth in the declaration, is as follows: It avers the execution by Jackson as sheriff of Lenawee county, and by Addison J. Comstock, Daniel Hicks Junior, Ezekiel Webb, and Darius Comstock, of an official bond in 1842: That in July, 1843, John T. Brown and Arthur Hughes commenced an attachment suit in the Cir-cuit Court for Lenawee county against Otho Hinton, upon which Jackson, as sheriff, attached personal property: That Hinton appeared; and, on the 12th of October, 1847, Brown and Hughes obtained judgment against him in the attach-ment suit, for $1300 damages, and $136.35 costs: That during the same year two executions were successively issued on the judgment, to the sheriff of Lenawee county, both of which were returned unsatisfied: That in May, 1849, a third execution was issued to the same county, and put in the hands of James Wheeler, deputy sheriff; who, before the return day, made return on the writ that he had made dili-gent search in said county for property of the defendant, and could find neither the goods attached, nor any other property of the defendant. The breach alleged is that Jack-son did not retain the attached property, or take a bond. Damages were laid at $2500. The judgment was for a larger sum.

The party for whose use the sheriff's bond is sued is, by law, deemed to be the plaintiff in the action.—*R. S. of*

1846, *p.* 531, § 1 (*Comp. L.* § 4918.)    Brown having died
before action brought, the judgment survived to Hughes,
who was alone entitled in law to collect it.—*Martin v.
McReynolds, ante p.* 70.    There was no joint right of pros-.
ecution, either in Quackenboss and Hughes, or in Williams.
and Hughes.    As all this is apparent on the face of the.
declaration, it showed no joint cause of action in the plaintiffs,
and no recovery could be had under it.

As this disposes of the whole case, it is unnecessary to,
look into the other errors alleged.

The judgment below must be reversed, with costs.

The other Justices concurred.