CASE 18—ACTION FOR CONTRIBUTION—JUNE 15.

# Swift's Executrix v. Donahue, Etc.

APPEAL FROM FLEMING CIRCUIT COURT.

1. VENUE—ACTION FOR CONTRIBUTION TRANSITORY.—An action for contribution brought by the personal representative of a surety against the heirs and devisees of co-sureties is transitory, and may be brought in a county where any of the defendants resides or is summoned.

2. SAME—LIEN ON REALTY IN ANOTHER COUNTY.—In such an action jurisdiction, having been acquired of the person, will not be defeated, because the petition sought also the enforcement of a lien on land situated in another county.

3. FOREIGN EXECUTORS AND ADMINISTRATORS—BOND—STATUTES, SEC. 3878.—The bond required of non-resident personal representatives by sec. 3878 of the Kentucky Statutes as a condition precedent to the right to maintain an action in this State is a bond for costs and not a bond for the administration of assets.

4. CONTRIBUTION—PLEADING.—In an action for contribution against co-sureties it is sufficient for the petition to allege that each set of heirs or devisees—sued as representatives of a deceased surety—received by descent or devise more real and personal estate than sufficient to pay their ancestor's aliquot part of the liability.

A. M. J. COCHRAN FOR APPELLANT.

1. The petition stated a cause of action. It was not necessary to allege an assignment by the United States to the appellant of the judgments obtained against the sureties. It was an action for contribution and not an action to enforce the judgments. Chenault, Receiver, v. Bush, 84 Ky., 528. The statute upon assignment of judgments to the surety is to enable him to control the process which might issue for the enforcement of the judgment. Nor was it necessary for the petition to allege that the plaintiffs had executed the bonds with surety resident in Fleming county. If such a bond was necessary, the failure to file it should have been taken advantage of by special demurrer. Warfield v. Gard-

ner's Admr., 79 Ky., 583; Northwestern Mut. Life Ins. Co. v. Lowery, Admr., 14 Ky. Law Rep., 600; s. c., 20 S. W. R., 607; L. & N. R. R. Co. v. Brantley's Admr., 16 Ky. Law Rep., 691; 28 S. W. R., 477.

(b ) Section 3878 of Kentucky Statutes was never intended to require the execution of bonds in advance of bringing the suit.

(c) The statutory authority required to enable a non-resident personal representative to sue has no application to a cause of action arising in his favor individually. Story's Confl. of Laws (8th ed.), sec. 516; Woerner's Am. Law of Administration, vol. 1, sec. 162; Schouler on Exrs. & Admrs., sec. 174; Wayland v. Porterfield's Exr., 1 Met., 638; Am. & Eng. Enc. of Law, vol. 7, p. 362; Ord v. Fendwick, 3 East, 105; Maury v. Adams, 14 Mass., 327; Williams v. Moore, 9 Pick., 432.

2. The proposition assumed by counsel that appellee's ancestors and devisees can not be bound by the Ohio judgment to which they were not parties, is not sound. Baylies on Sureties, p. 329.

3. Insolvency is the ultimate fact to be alleged and is not a conclusion of law. Bolling v. Doneghy, 1 Duv., 220; Teak v. Covington, 99 N. C., 959.

4. The Fleming Circuit Court had jurisdiction of the persons of the Donahues and the Hazelriggs. The action against them is *in personam* as well as *in rem.* Ky. Stat., secs. 2084 to 2089; Rubel v. Bushnell, 91 Ky., 251.

5. In equity an action may be brought against all of the sureties and part contribution enforced among the solvent ones, Easterly v. Barbour, 66 N. Y., 443; Parsons on Contracts, vol. 1, p. 34; Gross v. Davis, 3 Pickle, 226; 11 S. W. R., 92; Webb v. Wright, 2 Bush, 126; Landrum v. Farmer, 7 Bush, 46.

J. H. POWER ALSO FOR APPELLANT.

1. By sec. 78 of Civil Code, a transitory action may be brought in any county in which the defendant or in which one of several defendants who may properly be joined as such in an action resides or is summoned. Hence, if a good cause of action is stated against the appellees residing in Fleming county, the plaintiff had a right under sec. 78 to bring before the court those defendants residing outside of Fleming county. Basye v. Brown, 78 Ky., 553; Randall v. Shropshire, 4 Met., 327. And it is immaterial that in addition to a personal judgment a plaintiff sought to sell land in satisfaction of the same. Webb v. Wright, 2

Swift's Ex'x v. Donahue, et. al.

Bush, 126; overruling in effect the same case in 1 Bush, 107; Landrum v. Farmer, 7 Bush, 46.

2. The defendants by filing a general demurrer entered their appearance and acknowledged the jurisdiction of the court. Barbour v. Newkirk, 83 Ky., 529; Thomas v. Perry, 6 J. J. M., 556; Kegg v. Welden, 10 Dana, 550; Knight v. Low, 15 Ind., 374; Evans v. Iles, 7 O., 233.

JOHN P. M'CARTNEY FOR APPELLEES, JAMES LAWSON, NANCY PHILLIPS, MARY E. TIMMONS, OSCAR TIMMONS.

The appellees herein were not parties to the action in Ohio. In the petition as amended it is asserted that in paying the Ohio judgment the Kentucky judgment was also paid and by the payment as made by appellant the Kentucky sureties—these appellees—were released from further liability and that appellant should have contribution from appellees. The allegations of the petition as amended are simply allegations of a legal conclusion and in the absence of the orders and records of the court showing what was done in Ohio, are insufficient.

A. A. HAZELRIGG ALSO FOR APPELLEES.

1. The chancellor below erred in overruling the special demurrer. This action for the purpose of subjecting real estate and selling same should have been brought in the county where the land lay. Austin's heirs v. Bodley, 4 Mon., 434; Civil Code, sec. 62. It was not necessary to make all of the sureties parties defendant. Webb v. Wright, 1 Bush, 107; Basye v. Brown, 78 Ky., 553; Randall v. Shropshire, 4 Met., 327; Hill on Trustees, sec. 519; Williamson v. Rogers, 14 Bush, 776.

2. The chancellor erred in overruling the general demurrer to the petition as amended. The petition as amended stated mere legal conclusions as to the satisfaction of the judgment. Morrison v. Poyntz, 7 Dana, 307; Kimble v. Cummins, 3 Met., 327; Ky. Stat., sec. 4666; Joyce v. Joyce, 1 Bush, 474.

3. Appellant had no right to maintain the action in a court of Kentucky without giving the bond required by sec. 3878 of Ky. Stat. L. & N. R. R. Co. v. Brantley's Exr., 16 Ky. Law Rep., 691; Marrett v. Babb's Exr., 91 Ky., 88.

4. The appellees can not be bound by the judgment to which neither they nor their ancestors who were obligors in the bonds were parties or privies.

5. Before any action can be maintained, the insolvency of the principal must be legally plead. The allegation that Sam McKee is insolvent is a mere conclusion of law.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

As appears from the allegations of the petition in this case, to which a general demurrer was sustained, in 1869 Samuel McKee, having been appointed pension agent of the United States in Kentucky, executed a bond for the faithful discharge of the duties of his office, with John Donahue, George Hazelrigg, John R. Lawson, Alexander Swift, and others as his sureties. McKee having proved a defaulter, the United States, in July, 1884, instituted an action, in the Circuit Court of the United States for the District of Ohio, in which, however, only Alexander Swift and H. S. Bundy, two of the sureties, were summoned. In September, 1886, a similar action on the bond was instituted in United States Circuit Court for the district of Kentucky, in which McKee, the principal, and George Hazelrigg, John Donahue, John R. Lawson, and other sureties on the bond, were summoned. July 11, 1891, a judgment was rendered in the last-named action against McKee, the principal, and the other sureties summoned therein, for the sum of $3,291.28, with interest at the rate of 6 per cent. from September, 1886. Upon that judgment an execution was issued and returned, in substance, "No property found." February 26, 1892, a judgment was rendered in the first-named case against H. S. Bundy and Elmira Swift, executrix of Alexander Swift, who had in the meantime died, for the sum of $4,344.38, with interest from February 2, 1892. The present action was brought in the Fleming Circuit Court, April 19, 1893, oy Elmira Swift, executrix, against appellees, the various heirs and devisees of, each, John Donahue, George Hazelrigg,

and John Lawson, all three of whom were then dead, to re-
cover judgment from each class, as contribution, for one-
fourth' of the sum which the plaintiff (appellant) alleges
had been recovered of her and Bundy in the United States
district court for Ohio, though, as averred, the whole of it
had been paid by her.

The questions in this case are: First, whether the Flem-
ing Circuit Court has jurisdiction of the persons of the heirs
and devisees of Donahue and Hazelrigg, all of whom reside
without Fleming county; second, whether facts sufficient to
constitute a cause of action are stated in the petition.

Section 78 of the Civil Code is as follows: "An action
which is not required by the foregoing sections of this
article to be brought in some other county may be brought
in any county in which the defendant, or in which one of
several defendants, who may be properly joined as such in
the action, resides or is summoned." There is nothing in
that article prohibiting a joint action, such as this, being
brought in the county in which any one of the defendants
may reside. And to require a distinct action to be brought
in each county where heirs and devisees of the deceased
sureties reside would require a multiplicity of suits, which
it is the policy of the law to avoid, and also result, if not in
defeating justice, in preventing a full and fair adjustment
of the matters in controversy. It is true real estate al-
leged to have descended to some of appellees (defendants)
is sought to be subjected *pro tanto* to the judgment asked;
but it is also further alleged that some of the defendants
have already received personal estate, and personal judg-
ment on that account is asked against them.

However, jurisdiction of the person being properly ob-
tained, an execution, on such judgment as might be rend-

ered against any one or more of them, could certainly be issued and levied upon real estate outside of Fleming county; and it is no valid objection to the jurisdiction that a lien may be improperly claimed on the real estate outside of Fleming county, and its direct enforcement by the chancellor asked in the petition.

It is further contended that the execution of a bond with surety, resident of the county in which this action is brought, as required by section 3878, Ky. Stat., of non-resident executors or administrators, is a condition precedent of the right to maintain this action. That section is as follows: "By giving bond, with surety, resident of the county in which the action is brought, non-resident executors or administrators of persons who, at the time of their death, were non-residents of this commonwealth, may prosecute actions for debts due to such decedents." We think the bond, in the meaning of that section, is nothing more than a bond for cost required of a non-resident plaintiff in an action; and the objection that appellant has failed to execute it must be regarded, on this appeal, as having been waived because no special demurrer was filed or rule asked in the lower court, though either may be done on return of the cause. If the bond mentioned had been intended for more or other than a bond for cost, it is hardly reasonable the execution of it, with surety, in each county in which an action may be brought, would have been required. This view is sustained by section 3879, as follows: "In such actions the plaintiff's letters, testamentary or of administration, granted by a competent tribunal, properly authenticated, must be filed; and no judgment shall be rendered until the plaintiff executes bond, with good surety, resident of the county, to the Commonwealth, conditioned

Swift's Ex'x v. Donahue, et. al.

to pay any debt due by his decedent to any resident of this State to the extent assets shall come to his hands. Actions may be brought on this bond for the use of any creditor of said decedent for three years after the date of each receipt of assets by each executor or administrator in this State, but not after." It will be observed that that section requires to be executed a bond conditioned to pay any debt due by his decedent to any resident of this State to the extent assets shall come into his hands, which assets are evidently such as may come to his hands in this State as a result of the particular action brought or collected otherwise. We think such provisions would not nor need have been made if the bond mentioned in section 3878 had been intended to be an executorial or administrator's bond.

It is sufficiently alleged that McKee, the principal, and all the other sureties, including Bundy, were and are insolvent, and that all who are dead died leaving no estate, except Donahue, George Hazelrigg, and John R. Lawson.

The further allegation is made that the heirs and devisees, respectively, of the last-named three deceased sureties, received, by way of descent or devise, each set, more of real and personal estate than sufficient to pay in the way of contribution one-fourth of what they may be liable for.

These facts are sufficient to constitute prima facie a cause of action, and, in our opinion, it was error to sustain the general demurrer.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.