THOMAS et al. v. GREEN COUNTY.

(Circuit Court of Appeals, Sixth Circuit. July 23, 1906.)

No. 1,483.

1. WRIT OF ERROR—PARTIES—INCLUDING PERSONS NOT PARTIES TO SUIT.
The inclusion as plaintiffs in error of persons who were not parties to the action does not vitiate the writ as to those who were parties, but is an error which may be corrected by dismissing the writ as to such persons, or by striking out their names.
[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1868–1876.]

2. SAME—AMENDMENT OF WRIT—ADDING NAMES OF OMITTED PLAINTIFFS.
The right to amend a writ of error and citation by adding omitted plaintiffs depends primarily upon whether the record shows enough to authorize the amendment, under Rev. St. § 1005 [U. S. Comp. St. 1901, p. 714]. If it appears from the record that the omission was accidental, the amendment should be allowed.
[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 2115–2119.]

3. ABATEMENT AND REVIVAL—FEDERAL COURTS—DEATH OF JOINT PLAINTIFF.
An action brought in a federal court by plaintiffs as joint owners of bonds does not abate by the death of one of the plaintiffs, but under Rev. St. § 956 [U. S. Comp. St. 1901, p. 697], the suit may proceed in the name of the survivors upon the suggestion of the death upon the record.
[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, §§ 315–319.]

In Error to the Circuit Court of the United States for the Western District of Kentucky.

On motion to dismiss and motion to amend writ of error and citation.

Alex. P. Humphrey, for plaintiffs in error.
Ernest MacPherson, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This was an action by numerous persons as plaintiffs against Green county upon bonds, and coupons clipped therefrom, issued by that county; the plaintiffs averring that they were jointly the holders and owners of the bonds and coupons upon which the action was brought. The county denied that they were such joint owners, and denied liability upon the bonds and coupons

upon several grounds not necessary to be now stated. The issues were by stipulation submitted to the trial judge upon an agreed statement of facts, and there was a judgment against the plaintiffs and in favor of the defendant. From this judgment certain of the plaintiffs have sued out this writ of error.

The defendant in error has entered a motion to dismiss the writ: First. Because some of the persons named as plaintiffs below have not joined as plaintiffs in error, and have not been cut off by a summons and severance. Second. Because certain persons are named as plaintiffs in error who were not parties below. Third. Because one of the parties named as a plaintiff in error died more than a year before the judgment complained of, and that the action was never revived by her representative. Fourth. Because no brief has been filed, as required by rule 24 of this court. 90 Fed. lxxxi, 31 C. C. A. clxiv.

The plaintiffs in error meet the matter of the failure of all the plaintiffs to join in suing out the writ by a motion to amend the writ and citation, by inserting in each the names of the omitted plaintiffs below, and to amend the bond or give another. They also move the court to strike from the writ and citation the names of such persons therein appearing as plaintiffs in error who were not parties to the suit. The inclusion of persons as plaintiffs in error who were not parties to the suit is an error which may be corrected by dismissing the writ as to them or by striking their names out. The motion to so strike out the names set out in the motion paper is accordingly allowed, and an order will be so entered.

That persons not parties below were included as plaintiffs in error does not vitiate the writ as to those who were parties; such inclusion being of no effect. "Surpulsage does not vitiate that which in other respects is good and valid" is a maxim applicable to pleading as well as to other written instruments. Brown, Legal Maxims, *604. The right to amend the writ of error and citation by adding omitted plaintiffs depends primarily upon whether the record shows enough to authorize the amendment under section 1005, Rev. St. [U. S. Comp. St. 1901, p. 714]. Estis v. Trabue, 128 U. S. 226, 9 Sup. Ct. 58, 32 L. Ed. 437; Walton v. Marietta Chair Co., 157 U. S. 342, 15 Sup. Ct. 626, 39 L. Ed. 725. Thus in Estis v. Trabue the plaintiffs in error, as well as the defendant in error, were described only by the names of firms. The record disclosed the names composing the firms, and an amendment inserting their names was allowed. In Walton v. Marietta Chair Co. the plaintiff in error was described as administrator of a certain estate. The accompanying record showed that another person named therein claimed to have succeeded the person named as administrator, and that this other had tendered the bill of exceptions and given bond to prosecute the writ of error. The substitution was allowed. In Knickerbocker Life Ins. Co. v. Pendleton et als., 115 U. S. 339, 6 Sup. Ct. 74, 29 L. Ed. 432, the Supreme Court after final judgment discovered that the writ of error was sued out and citation directed and served against P. H. Pendleton, only one of the plaintiffs below; that the appeal bond was made to him alone, but that the supersedeas bond ran to all of the plaintiffs below, and that all subsequent pro-

ceedings were entitled in the name of P. H. Pendleton et al. After notice to plaintiff to show cause, the court allowed the writ of error to be amended, set aside the judgment, ordered a new citation to all the plaintiffs below, and when same was served allowed a reargument.

The test of the right to amend when some of the plaintiffs are not joined in a writ of error seems from the case cited to turn upon whether the omission to join them appears from the record to have been accidental. The accompanying record here shows that this was a suit by a large number of persons and corporations, who averred that they were joint owners of the bonds and coupons in suit. The case lingered long before a hearing, and some of the plaintiffs died. The representatives of some of those who died were brought in by amended petitions, and the suit revived in their names. In one case it seems that the representative of a deceased plaintiff was not brought in. If in fact the plaintiffs were joint owners of the bonds and coupons in suit, it would seem, under section 956, Rev. St. [U. S. Comp. St. 1901, p. 697], that the suit might proceed in the name of the survivors upon the suggestion of the death upon the record, and that the suit would not abate. The question as to whether they were such joint owners is one of mixed fact and law, and we pretermit the present determination of that question. For the purposes of the present motion, we assume the fact to be as averred in the pleadings. Upon that premise, it was unnecessary to revive in consequence of the death of any person named as plaintiff, and the suit did not abate for want of such revivor.

That the persons who are now asked to be named by amendment as plaintiffs in error were plaintiffs below appears from the accompanying record. That they were accidentally omitted as plaintiffs in error we are also satisfied from an examination of the record. Their omission seems accounted for by counsel preparing the petition for the writ inadvertently taking the names of the plaintiffs from a transcript of a record of another suit, which was introduced in the court below as evidence upon a question of estoppel, and from the omission to examine certain amendments to the pleadings bringing in new plaintiffs as representatives of deceased plaintiffs. This confusion is explained by an affidavit of the counsel who filed the petition for the writ of error. This he did at the request of Mr. Simrall, who had represented the plaintiffs, from a memorandum which Mr. Simrall prepared from the office file while lying seriously ill from a sickness which shortly proved fatal. The lawyer who prepared the writ of error papers was not of counsel, knew nothing of the case, and used this memorandum alone as containing names of the plaintiffs. The circumstance that persons who appeared as plaintiffs in the transcript of a former suit should be made plaintiffs in error in this suit, although not parties plaintiff below, and that persons who were parties plaintiff below should be omitted as plaintiffs in error here, not being parties to the record of the former suit in evidence, seems to make it plain that the memorandum of names to be made plaintiffs in error was made from this evidential transcript by inadvertence, and to establish that the omission of the persons who now ask to join as plaintiffs in error was accidental and not intentional.

The motion to amend the writ and citation and to give a new bond will be allowed. The motion to dismiss the writ is denied.

The court takes judicial notice that there is pending on its calendar another suit which involves some of the series of bonds here in litigation, which case has already been argued. Important and doubtful questions of law, upon which the liability of the defendant in error must turn in both cases, have been certified to the Supreme Court.

It is therefore ordered that upon the amendment of the writ and citation according to the filed motion and the substitution of another bond that this case stand continued until the Supreme Court shall answer the interrogatories propounded in the other case, and that time for filing briefs be extended until then.