### THOMAS et al. v. GREEN COUNTY.

(Circuit Court of Appeals, Sixth Circuit. February 15, 1908.)

No. 1,483.

1. COURTS—FEDERAL COURTS—JURISDICTIONAL AMOUNT.

Where county bonds were owned by the holders jointly, they were entitled to join as plaintiffs in a suit thereon in the federal courts, and the whole sum sued for, and not the value of the interest of each party, constituted the amount in controversy for the purpose of determining the court's jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 890–896.

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. JOINT TENANCY—PERSONAL PROPERTY—CORPORATIONS—RIGHT TO SUE—JOINDER OF PARTIES—"JOINT."

Burns' Ann. St. 1894, § 8136, provides that the survivor of persons holding personal property in joint tenancy shall have the same right only as the survivors of tenants in common unless otherwise expressed in the instrument. Held, that a corporation may be one of several joint indorsees or bearers of a negotiable instrument using the term "joint" in its general sense, and not in its restricted sense, as when applied to a tenancy of real property, and hence may sue thereon as one of several co-obligees joined as plaintiffs.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3813, 3814.]

3. PARTIES—JOINT OBLIGEES—JOINDER—DEATH OF CO-OBLIGEE—SURVIVORS.

On the death of a joint obligee of certain negotiable bonds, the right to maintain an action thereon survives to his co-obligee, and all such survivors must join in an action thereon; the personal representative of the deceased being an improper party.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 19.]

4. ABATEMENT AND REVIVAL—DEATH OF CO-OBLIGEE.

If one of several co-obligees of negotiable bonds dies, pending an action thereon, the action may be continued in the name of the survivor, and, if he recovers, he is entitled to the whole sum due on the obligation, and thereupon holds the part of the recovery representing the interest of his deceased co-obligee in trust for those entitled thereto; the obligor having no interest in the distribution of the recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 315–319.]

5. WRIT OF ERROR—PARTIES—ERRONEOUS JOINDER—HARMLESS ERROR.

Since the survivor of several co-obligees of negotiable bonds may maintain an action thereon without joining the representatives of a deceased co-obligee, the presence of the personal representatives of such deceased co-obligees as parties, though erroneous, was harmless.

6. ABATEMENT AND REVIVAL—DEATH OF COPLAINTIFF—REVIVOR—STATUTES.

Civ. Code Prac. Ky. § 500, provides that, if the right of action survive to or against the remaining parties after the death of one, the action may proceed without revivor after statement on the record of such death or cessation of power. Section 507 declares that an order to revive an action in the name of the representative or a successor or the plaintiff may be made forthwith, but shall not be made without the defendant's consent after one year from the time the order might have been made. *Held*, that the last section applied to the death of a sole plaintiff, while the former was applicable to the death of one of several coplaintiffs, being substantially identical with Rev. St. § 956 [U. S. Comp. St. 1901, p. 697], and hence, in the case of the death of one of several coplaintiffs, no revivor was necessary, a statement on the record being sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 358–376.]

7. SAME—JURISDICTION—WAIVER.

While state statutes with reference to revival of actions on death of parties are applicable to actions in the federal courts, except when Rev. St. § 956 [U. S. Comp. St. 1901, p. 697], relating to such subject applies, a failure to observe such state statutes in a case where there is a surviving plaintiff does not defeat the court's jurisdiction, and if the defendant permits the suit to go on without a formal entry of revivor and secures a judgment in its favor on the merits, it cannot object that the order of revivor has not been made for the purpose of sustaining such judgment.

8. SAME—TIME.

Neither Civ. Code Prac. Ky. § 500, nor Rev. St. § 956 [U. S. Comp. St. 1901, p. 697], providing for revival of an action after the death of one of several coplaintiffs, requires that such revival take place within a year as required by Civ. Code, Prac. Ky. § 507, relating to revival in case of the death of a sole plaintiff only.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 429–444.]

9. SAME—STATUTES—COMPLIANCE—SUGGESTION OF DEATH.

A suggestion on the record either by plaintiffs or defendants that some of the plaintiffs were dead constituted a substantial compliance with Rev. St. § 956 [U. S. Comp. St. 1901, p. 697], providing for revival in case of the death of one or more coplaintiffs.

10. WRIT OF ERROR—ORDER OF REVIVAL—CORRECTION OF RECORD IN TRIAL COURT.

Where, on the death of one or more coplaintiffs in an action which survived and could be continued to termination by the surviving plaintiffs, the personal representatives of certain of the deceased plaintiffs were erroneously joined, and, though no formal order of revivor was made, defendants permitted the suit to proceed to judgment in its favor, the defect not being jurisdictional, the Court of Appeals could order the making of the proper suggestion and the striking out of the names of such personal representatives to correct the record on remand.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3823–3825.]

11. ADMINISTRATORS—FOREIGN ADMINISTRATORS—ACTIONS—BONDS — WAIVER — STATE LAW.

Under the law of Kentucky, the statutory bond required of a foreign personal representative of a deceased person, to entitle him to sue in the Kentucky courts, is waived by the defendant's failure to demand it.

Lurton, Circuit Judge, dissenting in part.

In Error to the Circuit Court of the United States for the Western District of Kentucky.

See 146 Fed. 969.

A. P. Humphrey and E. F. Trabue, for plaintiffs in error.

E. Macpherson, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This is an action against Green county, Ky., brought by other parties upon other bonds and coupons of the same issue as those which were the subject of the suit in Quinlan v. Green County (recently decided by this court) 157 Fed. 33. The cause was tried by the court without a jury, and the findings of fact and of law were the same in all material respects as in the other case. And unless there are some fatal defects in the procedure peculiar to this case and of which we are bound to take notice, the same judgment would be due.

The plaintiffs in the court below as well as the plaintiffs in this writ of error were and are quite numerous. They all claimed to be jointly interested in the bonds and coupons sued upon. In their amended petition they allege "that they are jointly the holders and owners of all the bonds and coupons" therein specified. If they were, they might properly join as plaintiffs in the suit, and the whole sum sued for would be the test of jurisdiction, and not the value of the interest of each. The rule is stated by Mr. Justice Bradley in Clay v. Field, 138 U. S. 464, 479, 11 Sup. Ct. 419, 34 L. Ed. 1044. Some of the original plaintiffs were representatives of deceased persons who had formerly been owners of some interest in the bonds and coupons, and some have died pending the suit, and the suit has not been revived in the names of their representatives, if any have been appointed. And as to such plaintiffs, the defendant contends that the suit has abated. The facts of their deaths appear in the record. The original plaintiffs who have survived continued to be parties, and, although at first not plaintiffs in this writ of error, have been made such by amendment; and the finding of the court below was that at the beginning of this suit "the plaintiffs were then the bona fide holders for value of the bonds and coupons sued on, and were fully entitled to sue the defendant thereon in this court." In answer to the contention that the suit became defective and abated, it is urged that the plaintiffs were joint owners and holders of the title to the bonds and coupons, and that therefore upon the death of any of them the right of action devolved upon the survivors, and, further, that the presence of the names of the deceased persons in the record was wholly indifferent matter and is harmless. In respect to this last proposition, we so held on a motion to dismiss this writ, to be mentioned later.

Although the fact of the death of those plaintiffs was apparent upon the record, there was no formal suggestion of it. Before the case came on for hearing in this court the defendant made a motion to dismiss the writ of error. The second and third grounds of the motion were "because certain persons named as plaintiffs in error were not parties below," and "because one of the parties named as a plaintiff in error died more than a year before the judgment complained of, and that the action was never revived by her representa-

tive." The plaintiffs in error made a counter.motion for leave to amend the writ by inserting the names of the omitted plaintiffs below, and to strike out the names of those plaintiffs in error who were not plaintiffs below. This motion was supported by affidavits showing that these mistakes were the result of accident. We denied the motion to dismiss the writ, and granted the motion to amend it for reasons stated in an opinion then handed down. 146 Fed. 971, 77 C. C. A. 487. In the course of that opinion we said:

"If in fact the plaintiffs were joint owners of the bonds and coupons in suit, it would seem, under section 956, Rev. St., that the suit might proceed in the name of the survivors upon the suggestion of the death upon the record, and that the suit would not abate. The question as to whether they were such joint owners is one of mixed fact and law, and we pretermit the present determination of that question. For the purposes of the present motion, we assume the fact to be as averred in the pleadings."

It is now contended that the plaintiffs were not joint owners, because as matter of law they could not be such. This contention is grounded upon the fact that several of the plaintiffs are corporations, Wabash College, Indianapolis Rolling Mills Company, Meridian National Bank, and could not therefore be "joint tenants" with natural persons, and 5 Bacon's Abridgement, 240, Co. Litt. 296, and Telfair v. Howe, 3 Rich. Eq. 235, 55 Am. Dec. .637, are cited. This doctrine had its root in the common law relating to joint tenancies of real property as affected by the law of descents and of survivorship in joint tenancies, and we should have supposed that the rule had application only to real estate wherein alone the peculiar character of joint tenancy exists. But it was held in the South Carolina case that it applied also to a joint estate in personal property. That was a case where there was nominally a bequest to two incorporated religious societies, one of which was found to be nonexistent. And the question was whether the other was entitled to the whole of the bequest by virtue of the jus accrescendi, or whether a moiety was distributable to the next of kin. The court held upon the analogy of the rule in case of joint tenancies that such an estate was not created, and that the existing society took only one moiety as a separate estate upon the similitude of a tenancy in common. And it was shown in the passage cited from Lord Coke that in the case of a devise to two bishops, although they could not take as joint tenants, yet that they would take as tenants in common. This conclusion was the foundation of the decree of the South Carolina court; for if no estate at all was vested in the existing society the decree would not have been justified; and Chancellor Dunkin, whose decree was affirmed, said that "the joint words used in this bequest must therefore be construed to make several estates." Now, we cannot think that two or more owners of undivided interests in a negotiable note or bond indorsed to them, or payable to them as the bearers, sustain toward each other any such relation as joint tenants of real property at the common law. Their position is more nearly that of tenants in common, and in Indiana, where the holders of these bonds resided, there is a statute which provides that:

"The survivor of persons holding personal property in joint tenancy shall have the same rights only as the survivors of tenants in common, unless otherwise expressed in the instrument." Section 8136, Burns' Ann. St. 1894.

Other states have similar statutes, and in still others it is a rule of the common law. If this be so, there can be no doubt, upon any authority, that a corporation may be one of several joint indorsees or bearers of a negotiable instrument, using the term "joint" in its general sense, and not in the restricted sense when applied to a tenancy of real property, and it may sue thereon as one of several co-obligees joined as plaintiffs. Upon the death of a joint obligee the right to maintain the action survives to his co-obligee; and all such survivors must join in a suit at law on the obligation. It would be erroneous to join the personal representative of the deceased. Jackson v. The People, 6 Mich. 154. And if one dies pending an action the suit may be prosecuted in the name of the survivor, and, if he recovers, he recovers the whole sum due on the obligation, and thereupon he holds that part of the recovery which represents the interest of his deceased co-obligee in trust for those entitled to have it. The obligor has no concern with the proportions in which the recovery is distributed; that is a matter entirely between the other parties, the surviving plaintiff and the representatives. The cause of action is entire and cannot be split up. And the defendant is protected by the judgment. The right to maintain the action on a negotiable instrument and the ultimate disposition of the proceeds are different things, and statutes which protect the interests of deceased tenants in common and practice codes which require the action to be brought in the names of parties in interest have not confounded the distinction. Morrison v. Winn, Hardin (Ky.) 480; Brown v. King, 1 Bibb. (Ky.) 462; McIntosh v. Zaring, 150 Ind. 309, 49 N. E. 161; Webster v. King's Co. Trust Co., 145 N. Y. 275, 39 N. E. 964; Sessions v. Peay, 19 Ark. 267; Pomeroy, Code Rem. § 143 (4th Ed.). These and other authorities would seem to show that the personal representatives of deceased plaintiffs were not necessary or even proper parties to the action. Donnell v. Manson, 109 Mass. 576. Jackson v. The People, supra. But as their presence has harmed no one (Quinton v. Neville, 152 Fed. 879, 883, 81 C. C. A. 673, 677), we think the formal error may be corrected by direction to the court below. If a survivor of several obligees may maintain an action without joining the representatives of a deceased co-obligee, as must be conceded, it is difficult to see why he might not continue an action after the death of a coplaintiff, the result of the action being precisely the same. It is obvious that the revivor is a matter of form only. As a matter of procedure it is usual to suggest the death of the coplaintiff, and obtain an order that the cause proceed in the name of the survivor. In the several states there are generally statutes indicating such a procedure. The Civil Code of Practice of Kentucky, § 500, provides that, "if the right of action survive to or against the remaining parties, the action may proceed without revivor, after statement on the record of such death or cessation of power"; and section 507 provides that "an order to revive an action in the name of the representative or a successor of a plaintiff may be made forthwith,

but shall not be made without the consent of the defendant after the expiration of one year from the time when the order might have been made." The last section is one which seems applicable to the death of a sole plaintiff; and the former to the death of one of several, and is substantially identical with section 956 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 697]. In the latter case—that is, when one of several plaintiffs dies—no revivor is necessary. A statement on the record is sufficient. Doubtless such provisions in state statutes are to be observed in suits in federal courts except when section 956, Rev. St. U. S., applies. Nevertheless, the failure to observe them in a case where there are surviving plaintiffs does not defeat the jurisdiction. If the defendant permits the suit to go on as if a formal entry had been made, and secures a judgment in his favor on the merits, which it is still defending, we think the objection cannot be made on a writ of error sued out by the other party. Wetzel, etc., Co. v. Tennis Bros. & Co., 145 Fed. 458, 75 C. C. A. 266; Wilhite v. Skelton, 149 Fed. 67, 78 C. C. A. 635; Swift v. Donahue, 104 Ky. 137, 46 S. W. 683; J. Newnham v. Law, 4 Term R. 577; Cozens v. Long, 3 N. J. Law, 764; Stoetzell v. Fullerton, 44 Ill. 108; Butler v. Lawson, 72 Mo. 227. The case is not like that of the death of a sole plaintiff, which necessarily puts a stop to the proceedings until a new plaintiff is made. As we have stated, the fact that some of the plaintiffs were dead was apparent from the record, and from this it appears that counsel for defendant did not regard a formal entry as material. The right to proceed with the suit is absolute, and the statement of the death a matter of form, which may be waived by a failure to make seasonable objection, or, if objection be made, by stipulating to go to trial on the merits, and taking the chances of a judgment as was done here. Said Bigelow, Judge, in Fox v. Harding, 7 Cush. (Mass.) 520:

"So too in judicial proceedings for the furtherance of public justice, and the discouragement of dilatory pleas and technical objections, parties who do not seasonably avail themselves of their legal rights are held by the courts to have conclusively waived them."

And see Frisbie v. United States, 157 U. S. 160, 15 Sup. Ct. 586, 39 L. Ed. 657; Thomas v. Wooldridge, 23 Wall. (U. S.) 283, 23 L. Ed. 135; Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280. Objections to the jurisdiction are fundamental and cannot be waived. But, short of that, most objections may be waived, and this may be done by the conduct of the party in not insisting upon a formality which he had a legal right to have observed.

It is true that on the 14th day of March, 1904, defendant's counsel moved for "a rule on the surviving plaintiffs named in the petition and amended petitions herein to furnish the dates of the deaths of the parties plaintiffs named in said pleadings who have died since the institution of this action, and to show cause why this action should not be dismissed for failure to revive within the times prescribed by law." The court made no order in that behalf, but the plaintiffs in response to the rule proposed stated that they had "no knowledge of the death of any of the plaintiffs except such as shown in the rec-

ord herein, and the action has been revived in the names of their proper personal representatives," and they insisted that no revivor was necessary. This response was sworn to by the plaintiffs' attorney. The defendant tendered no issue on this response, or proof to the contrary. On November 7, 1904, the court overruled the motion for the rule. And on March 22, 1905, the parties stipulated that the record of the case of Quinlan v. Green County should be treated and read in this case so far as applicable on the motion to dismiss and on the merits of the case that day submitted; and, second, that "the issues of fact in this case may be tried and determined by the court without the intervention of a jury, a jury being hereby waived." And the court made the same finding in respect to the facts and the same conclusions of law as in the Quinlan Case. Thereupon the court entered judgment for the defendant as above stated. The objection is a dilatory one, not affecting the merits, and, as in the case of a plea in abatement, the objection should have been distinctly pointed out. The ground for the motion to dismiss was because of the "failure to revive within the time prescribed by law." It is not stated what law is referred to, but we infer that it was the law limiting the right to revive in the case of a sole plaintiff to one year, for that is the case in which the law prescribes that limitation. That law had no application to the death of one or more of several plaintiffs. In the latter case there was no such limitation; and, as we elsewhere point out, no such revivor was required by the statute of Kentucky. Nor is it required by the statute of the United States. This was not an objection that no statement of the death of parties had been entered on the record. It was not a motion which the court could have properly granted. Moreover, we think that if it appeared in the record, either upon the suggestion of the plaintiffs or defendant that some of the plaintiffs were dead, the requirement of section 956 of the Revised Statutes, which we incline to think govern the case, was substantially fulfilled; or, if it was not, we might direct, on remanding the case, that upon the making of the proper suggestion, and striking out the names of personal representatives, the judgment be entered for the plaintiffs in accordance with this opinion. And for the sake of form we will so order.

Some of the personal representatives were appointed by probate courts in another state than Kentucky. The statute of that state also provides that a personal representative of a foreign state may sue in the courts of Kentucky upon giving a bond for costs. But it was held by the Court of Appeals that the giving the bond was waived by not demanding it. Swift v. Donahue, 104 Ky. 137, 46 S. W. 683. In the earlier case of Marrett v. Babb, 91 Ky. 93, 15 S. W. 4, cited by defendant in error, there was a demurrer to the petition which we suppose (though this is not clear) raised the question of the status of the plaintiff. At all events the case of Swift v. Donahue is the latest decision, and must be taken as the law of Kentucky. But all this is immaterial if, as we think, the right of action survived to the survivors.

There are no other questions which merit consideration. The conclusion must be that the judgment should be reversed, with direction

that upon the correction of the record as above stated it enter a judgment for the plaintiffs as they then appear of record, for the amount of the principal of the bonds in suit, with interest thereon from the date when their latest coupons severally became due, and for the coupons in suit with interest on each from the time when they severally fell due.

LURTON, Circuit Judge (dissenting). I dissent from the opinion and judgment in this case for the reasons stated in my dissent in Quinlan v. Green County. Every one of the objections to the judgment in that case apply here, including particularly the direction for a judgment upon the bonds in suit and upon the coupons sued upon. I think a new trial should be directed if the judgment in favor of the county is reversed, because the findings are not definite enough to justify and do not cover all the issues presented by the county. Neither do I agree that the plaintiffs were joint tenants of the bonds and coupons in suit. Joint tenancies are regarded with little favor, and in cases of doubt the construction favored is that the parties were tenants in common. See the authorities cited in 23 Cyc. 485. By statute, in many of the states, joint tenancies have been legislated against, and in the state of Indiana, where the owners of these bonds resided and where their alleged joint tenancy was created, it is provided that "the survivors of persons holding personal property in joint tenancy shall have the same rights only as the survivors of tenants in common unless otherwise expressed in the instrument." The same statute, in substance, exists in Kentucky. The effect of this Indiana statute is to abolish survivorship unless otherwise provided for. This is the practical concession of the majority, for, upon that ground, they say that a corporation may be a joint tenant with natural persons, a thing unknown at the common law. There was no agreement in respect to survivorship. Therefore this suit must abate as to deceased persons where there has been no revival. The distinguishing feature of a joint tenancy is that the tenants hold by one title and one right. Then the survivors take the whole title and right. In such a tenancy there need be no revivor in the name of the representative of a deceased joint tenant. And so section 956, Rev. St., provides that a suit started in the name of a number of joint tenants shall not abate by the death of one, but that upon "the death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff."

Under the regulation of the practice by statute there was no authority to proceed with the case by making a finding of facts until there was placed upon the record a suggestion of the death of such of the original joint tenants as had died, and the county of Green ought not to be concluded by a finding of facts made without compliance with this practice. In view of the fact that these findings do not cover some of the issues made by the defendant below, and are vague and insufficient in others, I think it a great injustice that a new trial is not awarded instead of a peremptory direction for a judgment against the county in opposition to the judgment for the county made by the trial judge.