### GILBERT et al. v. HOPKINS et al.

#### (Circuit Court of Appeals, Fourth Circuit. July 10, 1912.)

#### No. 1,098.

APPEAL AND ERROR (§ 336*)—AMENDMENT OF WRIT OF ERROR—OMISSION OF NECESSARY PARTY.

Under Rev. St. § 1005 (U. S. Comp. St. 1901, p. 714), providing for amendment of writs of error, if a writ had been actually sued out within the time limited by statute, although defective, the defect, even to the extent of inserting a party omitted before, may be corrected by amendment, although the time within which an original writ of error could be sued out has expired; but in such case the new party must be brought in by a new citation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1868–1876; Dec. Dig. § 336.*

Amendment of writ of error, citation, or notice of proceedings for review, see note to Thomas v. Green County, 77 C. C. A. 490.]

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville.

Action at law by A. Louisa M. Gilbert and Ida Isabella K. Gilbert, heirs at law of L. W. Gilbert, deceased, against W. R. Hopkins, George Reeves, E. I. Leighton, John Matthews, and B. P. Bole. Judgment for defendants, and plaintiffs bring error. On motion of plaintiffs for leave to amend writ of error, and, on motion of defendants to dismiss writ of error. Motion to amend granted, and motion to dismiss overruled.

See, also, 171 Fed. 704.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James H. Merrimon, Marshall W. Bell, and J. S. Adams (Thomas S. Rollins, on the brief), for plaintiffs in error.

F. A. Sondley and C. B. Matthews (W. B. Council and Theodore F. Davidson, on the brief), for defendants in error.

Before GOFF, Circuit Judge, and KELLER and SMITH, District Judges.

PER CURIAM. In this cause an application is made to the court by plaintiffs in error for leave to amend the writ of error and citation herein by inserting the name of F. W. Bruch in the writ of error and in the citation, and also a motion is made for permission to substitute for the present appeal bond a new and amended bond conforming to the amended writ of error and citation, if the amendment should be allowed. This motion is made under the terms of section 1005, Rev. St. U. S. (U. S. Comp. St. 1901, p. 714). The defendants in error object upon the ground that the time for suing out a writ of error has passed, and that, the record being fatally defective, in that F. W. Bruch, a necessary party to the appellate proceedings, was omitted from the writ of error and not notified by the service of any citation, it is now too late to amend, after the time of suing out a writ of error as against him is concerned, by making him a party now to the writ of error and citation.

The defendants in error have also served notice of a motion to dismiss the appeal on the ground that this defect is fatal, and upon the further grounds that the surety company on the bond of the plaintiffs in error for costs in the court below is not joined as a plaintiff in error, although named in the judgment below as bound for the costs below, and that the bond filed by the plaintiffs in error is not a bond on a writ of error to review a judgment at law, but a bond on appeal to review a decree in equity, and lacks a proper surety.

F. W. Bruch having been one of the parties in whose favor the judgment below was made, as a cotenant in the premises which are the subject of the controversy, it would seem that he is a necessary party to the proceedings to review that judgment. He should have been originally made a party, by being included in the writ of error, and being also included in and duly served with the citation. Under the principles decided in the cases of Knickerbocker Life Ins. Co. v. Pendleton, 115 U. S. 339, 6 Sup. Ct. 74, 29 L. Ed. 432, Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127, Walton v. Marietta Chair Co., 157 U. S. 342, 15 Sup. Ct. 626, 39 L. Ed. 725, Altenberg v. Grant, 83 Fed. 980, 28 C. C. A. 244, Thomas v. Green County, 146 Fed. 969, 77 C. C. A. 487, and Martin v. Burford, 176 Fed. 554, 100 C. C. A. 159, it would appear to be settled that this court, under the provisions of section 1005, Rev. St. U. S., above mentioned, has the power to allow an amendment such as the one moved for in this case although thereby an additional party is inserted in the writ of error and the citation, and

although at the time the amendment is allowed the period within which the writ of error should have been sued out from the original judgment has elapsed.

These decisions would seem to be to the effect that the naming of the defendant in the writ of error and naming and serving him in the citation is not necessary to the jurisdiction of the appellate court. The jurisdictional feature would appear to be that the writ of error to a judgment intended to be corrected should have actually been sued out within the time limited. If it is actually sued out within the time limited, although it may be defective, yet such defects, even to the extent of inserting a party omitted before, may, under section 1005, be corrected, although the period within which a new writ of error could be sued out from the date of the original judgment has elapsed. Dodge v. Knowles, 114 U. S. 430, 5 Sup. Ct. 1197, 29 L. Ed. 144; In re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782.

When, however, the amendment is allowed, any necessary party to the appellate proceedings who was omitted from the writ of error and citation must be notified and brought before the court. As the judgment to be awarded by the appellate court may affect his interests, he is entitled as of right to notice and to be heard upon the appeal, and, under the practice settled in the above cited cases, if an amendment is allowed, a new citation will have to be issued and served upon the defendant F. W. Bruch. The allowance of the amendment is addressed to the discretion of the court; but it appearing to the court that the omission of the name of F. W. Bruch in this case was wholly inadvertent and accidental, and that there are matters of sufficient gravity and merit involved in the appeal to justify this court in allowing the parties desiring to have the judgment below corrected to be heard above, this court in the exercise of its discretion will allow the amendment.

The allowance of the amendment disposes of the motion to dismiss the writ of error; the other ground for that motion not being, in the opinion of the court, well taken. It is therefore ordered that the plaintiffs in error have leave to amend the original writ of error by inserting the name of F. W. Bruch at the proper place therein, and have leave to have issued a new citation herein in proper form, said new citation to include the name of F. W. Bruch, provided such amendment be made and the new citation be served within 30 days from notice to counsel for plaintiffs in error of the filing of this order, and thereupon the cause stand upon the docket of this court for hearing in due course.

It is further ordered that plaintiffs in error be further allowed to file a new appeal bond conforming to the order of the court below as to the original appeal bond, but corrected so as to agree with the amendments hereby allowed and the character of the appellate proceeding; such bond to be filed within the same period as above allowed for the amendments and service above allowed.