### TEEL v. CHESAPEAKE & O. RY. CO. OF VIRGINIA.

#### (Circuit Court of Appeals, Sixth Circuit. April 8, 1913.)

#### No. 2,286.

1. APPEAL AND ERROR (§ 327*)—NECESSARY PARTIES—JOINT DEFENDANTS.

Where, in an action for the death of a railroad employé, plaintiff sued two corporations as alleged joint tort-feasors and both answered, and an instructed verdict was returned in their favor, both were necessary parties to a writ of error which could not be sustained as against one alone.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1795, 1814–1820, 1822–1835; Dec. Dig. § 327.*]

2. APPEAL AND ERROR (§ 336*)—WRIT OF ERROR—EFFECT OF PARTIES—AMENDMENT OF WRIT.

Where a necessary party defendant was omitted from a writ of error, the Court of Appeals was authorized, by Judiciary Act (Act Sept. 24, 1789, c. 20, § 32, 1 Stat. 91); Rev. St. §§ 954, 1005 (U. S. Comp. St. 1901, pp. 696, 714), and by Court of Appeals Act (Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]), to permit an amendment of the writ inserting the name of the omitted party and bringing it in by new citation, though the time for suing out a new writ had expired.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1868–1876; Dec. Dig. § 336.*]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by Etta Teel, as administratrix of the estate of Lake Teel, deceased, against the Chesapeake & Ohio Railway Company of Virginia. Judgment for defendant, and plaintiff brings error. Case held for amendment of writ of error.

Action was commenced in the Kenton circuit court at Covington, Ky., and was subsequently removed on petition of the defendant in error to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court below, where a directed verdict was rendered in favor of the defense. Plaintiff's intestate died of injuries received while acting as head brakeman of a freight train moving eastwardly on the Chesapeake & Ohio Railroad near Bellevue, Ky., and his widow, as administratrix, brought this suit to recover damages on account of his death. The defendants were the Chesapeake & Ohio Railway Company, a Virginia corporation, the Chesapeake & Ohio Railway Company, a Kentucky corporation, and A. W. Sullivan, who was conductor of the train. All of the parties, including the decedent, at and before his death, were citizens and residents of Kentucky, except the railway company first mentioned. The petition comprised two counts; in the first of which complaint was made only against the two railway companies, and in the second, against those companies, and also Sullivan, as conductor. It was alleged in the first count that the two railway companies, at the time of the injury and death, owned, and operated a line of steam railway commencing in Cincinnati, Ohio, and extending into and through the states of Kentucky, West Virginia, Virginia, and other states, and were engaged in transportation of passengers and freight in and through such states; that plaintiff's intestate, Lake Teel, "was in the employ of the said defendants as brakeman, and on said date was engaged by defendants upon a freight train transporting cars and freight from and through the states of Kentucky and Ohio into the states of Virginia and West Virginia"; that when the train reached Bellevue, "an eye of the drawbar or automatic coupler (same being part of the safety appliance) connecting the locomotive engine pulling said train, which was composed of some 50 cars, some loaded and others unloaded, broke and caused said engine to become detached and separated from said train of cars, and caused said train of cars upon which her said decedent was necessarily riding in the discharge of his duties," suddenly to stop, by reason of which the intestate was thrown to the ground, between two of the cars, and met his death as stated; that the train had shortly before left the terminal in Covington, Ky., and the coupler was then "in a dangerous and defective condition owing to a defect therein, to wit, a crack or break in said automatic coupler or the parts of same."

The second count is in substance the same as the first, except that it was alleged that Sullivan was the conductor in charge of the train and that it was his duty as well as that of the other defendants "to know the condition of the safety appliances and equipments of the cars composing same"; that by the exercise of ordinary care they could have discovered the condition of the coupler, but that they negligently "failed to warn said intestate of the danger of going upon said cars in the performance of his duties," etc.

In its petition for removal the Chesapeake & Ohio Railway Company of Virginia alleged, among other things, that there was in the suit a controversy wholly between it, as a resident and citizen of Virginia, and plaintiff, as a resident and citizen of Kentucky, which was "distinct and several from any controversy, or alleged controversy between the said administratrix and the other alleged defendants herein." Further, that Lake Teel and A. W. Sullivan, at the time in question, were both in the employ of petitioner, and that neither was in the employ of the Chesapeake & Ohio Railway Company of Kentucky; that plaintiff "fraudulently" joined such railway company of Kentucky and Sullivan as codefendants for the purpose of defeating removal; that such last-named company did not have or own any interest in the railway in question and was not engaged in transporting freight or passengers at all, having on July 1, 1907, conveyed and transferred by deed its entire interest in the road, absolutely and in fee simple, to the other railway company, and that the deed was duly recorded in each of the counties of Kentucky in which any of the property was situated. The petitioner further alleged that it was a common carrier by railroad engaged in commerce between the states of Ohio, Kentucky, West Virginia, and Virginia; that plaintiff's decedent was in its employ as a brakeman on a train "engaged in interstate commerce"; and that the question of plaintiff's right of action arises under the act of Congress approved April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), relating to the liability of common carriers by railroad to their employés.

After the removal was effected, the plaintiff filed an answer to the petition for removal, positively denying its allegations, except that its denial of the alleged sale of the Chesapeake & Ohio Railway Company of Kentucky to the other railway company was based on want of "sufficient knowledge or information from which to form a belief." Later, a motion to remand the cause to the state court was made and overruled, to which exception was taken. On defendant's motion to require plaintiff to elect on which of the paragraphs of her petition she would prosecute the suit, she "elected to sue upon the first paragraph." At the same time, a demurrer of defendant Sullivan to plaintiff's petition was sustained by the court below, to which exception was taken. Thereupon, the railway companies filed a joint answer to the first paragraph of the petition, specifically denying the allegations of such paragraph, and introducing a second defense in substance alleging that decedent received the injuries resulting in his death through his own negligence, which directly contributed to the accident; and to this defense a general demurrer was sustained and exception taken. Trial was then had, which resulted as before stated. The petition for writ of error was accompanied by a single assignment of error, complaining of the peremptory instruction at the conclusion of plaintiff's testimony.

In the trial of the cause the Chesapeake & Ohio Railway Company of Virginia seems to have been treated as the only defendant, and in the motion for a new trial the name of that company alone appears. Likewise in the petition for writ of error, the assignment of error, the writ of error, and the citation, the name only of that company is found; and service of the citation was accepted by counsel for the company.

Myers & Howard, of Covington, Ky., for plaintiff in error.
Galvin & Galvin, of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge (after stating the facts as above). The details set out in the statement of facts are deemed necessary because of two questions of jurisdiction that are presented by the record. One relates to this court and the other to the court below. The action upon which issue was ultimately joined in the court below was against both the railway companies; it was a joint action against them as joint tort-feasors.

[1] The defendant Sullivan was eliminated by plaintiff's election to stand on the first count. It was plaintiff's right to sue either of the companies alone, but it is settled (at least in the absence, as here, of proof of the fraudulent and collusive joinder alleged and denied) that "a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint" (Southern Railway Co. v. Carson, 194 U. S. 138, 139, 24 Sup. Ct. 609, 610 [48 L. Ed. 907]); and the issue tendered by the petition in the present case was closed in the court below by the joint answer of the companies. The proceedings in error, however, were brought and have been prosecuted against only one of these companies; indeed, as appears in the statement, the absent defendant seems to have been ignored at the trial and ever since. No explanation of this is to be found in the record, nor was the fact mentioned in argument or in the briefs of counsel. It may be that the conveyance of the Chesapeake & Ohio Railway Company of Kentucky, to the company of that name of Virginia, alleged in the peti-

tion for removal and pointed out in the statement, was, in spite of the denial contained in the plaintiff's answer, accepted as true at the trial; yet the effect of the instructed verdict was, under the pleadings, quite as distinctly in favor of both railway companies as it was of either. Upon the record, then, we regard the presence of the Chesapeake & Ohio Railway Company of Kentucky as necessary to vest jurisdiction in this court to dispose of the case properly. Knickerbocker Life Ins. Co. v. Pendleton, 115 U. S. 339, 340, 6 Sup. Ct. 74, 29 L. Ed. 432; Estes v. Trabue, 128 U. S. 225, 229, 9 Sup. Ct. 58, 32 L. Ed. 437.

[2] Such defects as this are generally curable by amendment of the writ of error and the issue of a new citation. Since the enactment of the first Judiciary Act of the United States, liberal statutory provisions have been maintained for curing defects of this character whereever proceedings on error or appeal have been instituted in due time, though defectively, and could be remedied without causing injustice; and numerous illustrations may be found of a tendency in the courts to apply such legislation in the spirit in which it was evidently enacted. See Act of September 24, 1789, c. 20, § 32, 1 Stat. 91, Rev. Stat. §§ 954, 1005 (U. S. Comp. St. 1901, pp. 696, 714); Walton v. Marietta Chair Co., 157 U. S. 344, 346, 15 Sup. Ct. 626, 39 L. Ed. 725; Knickerbocker Life Ins. Co. v. Pendleton, supra; Estes v. Trabue, supra; Thomas v. Green County, 146 Fed. 970, 971, 77 C. C. A. 487 (C. C. A. 6th Cir.), affirmed in 211 U. S. 598, 601, 29 Sup. Ct. 168, 53 L. Ed. 343. In Gilbert v. Hopkins, 198 Fed. 849, 117 C. C. A. 491 (C. C. A. 4th Cir.), a writ of error seasonably sued out was permitted to be amended by inserting the name of an omitted party, although the time fixed for suing out such a writ had then expired, and the new party was required to be brought in by a new citation.

The time for allowing a new writ of error has likewise expired in the instant case; but in view of the statutory provisions before alluded to, and of section 11 of the Court of Appeals Act (Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]), we are disposed to enter a rule on the plaintiff in error to show cause, within ten days after the order is entered, why the Chesapeake & Ohio Railway Company of Kentucky should not be made a party defendant to her proceeding in error, and for defendant in error so to show cause why the writ of error should not be permitted to be amended by inserting the name of that company and a new citation to be issued to it. Meanwhile, the case will be held for further order.

We cannot pass upon the other jurisdictional question, if we can at all, until the matters involved in the rule to show cause are determined.